**402**

Jack SHAFFER, Appellant,

v.

Hon. Phillip R. MORGAN, Judge, Russell
Circuit Court; Hon. George Muehlen-
kamp, Special Judge, Russell Circuit
Court; Hon. Charles Luker, Chief Re-
gional Judge, Cumberland Region; and
Commonwealth of Kentucky, Real Par-
ty in Interest, Appellees.

No. 91–SC–091–MR.

Supreme Court of Kentucky.

Sept. 26, 1991.

Allison Connelly, Asst. Public Advocate,
Dept. of Public Advocate, Frankfort, for
appellant.

Frederic J. Cowan, Atty. Gen., Joseph R.
Johnson, Asst. Atty. Gen., Frankfort, for
appellees.

## OPINION AND ORDER

The sole issue in the case at bar is the
effect of the dismissal of a criminal indict-
ment "with prejudice."

Appellant, Shaffer, is before this Court
pursuant to CR 76.36(7)(a) which provides
for a direct appeal to the Supreme Court
"as a matter of right from a judgment or
final order in any proceeding originating in
the Court of Appeals." *Id.*

The appellant petitioned the Court of Ap-
peals, in an original action, for a writ of
prohibition and/or mandamus ordering the
respondent to prohibit the real party in
interest, the Commonwealth of Kentucky,
from prosecuting appellant in the case of
*Commonwealth v. Jack Shaffer*, Russell
Circuit Court, Indictment No. 90–CR–022.
The Court of Appeals, on December 18,
1990, denied the Petition for Writ of Prohi-
bition or Mandamus.

In an Opinion and Order dated April 2,
1991, this Court granted appellant interme-
diate relief, pursuant to CR 76.33, in the
form of a stay prohibiting the appellee,
Russell Circuit Court Special Judge George
Muehlenkamp, from proceeding with the
trial of *Commonwealth v. Jack Shaffer*,
scheduled to begin on April 22, 1991, in
Russell Circuit Court, until such time as
appellant's direct appeal is resolved by this
Court.

The procedural history began on Septem-
ber 2, 1988, at which time the appellant
was indicted for the murder of Tina Rob-
erts. At the arraignment, October of 1988,
appellant's attorney requested a speedy tri-
al. Nevertheless the trial date was set for
March 6, 1989. The Commonwealth's At-
torney's office was disqualified, on motion

of a co-defendant, on February 14, 1989. Thereafter a Special Prosecutor was appointed and the trial was set for September 5, 1989.

The appellant's attorney continued to request a speedy trial throughout the proceedings as Shaffer had been incarcerated since September 3, 1988. Finally, the trial date of September 5, 1989, arrived and upon the prosecutor's motion the indictment was dismissed "with prejudice" by agreement of the parties and the court's acceptance of their argument.

The Russell County Grand Jury again on March 20, 1990, indicted appellant for the murder of Tina Roberts. The trial court overruled appellant's motion to dismiss in April 1990, and trial was scheduled for August 27, 1990.

The appellant is presently before this Court following the Court of Appeals' denial of his Petition for Writ of Prohibition or Mandamus. CR 76.36(7)(a). The sole controversy in the case at bar concerns the effect of a dismissal with prejudice.

■ Appellant asserts that the dismissal of the indictment with prejudice bars a future indictment on the same charge. Specifically, appellant argues that the trial court is without jurisdiction to hear appellant's case because the dismissal of the indictment with prejudice is, in effect, a final adjudication of the merits and bars further prosecution. *Black's Law Dictionary,* 469 (6th ed. 1991); *See, Workman v. Commonwealth,* Ky., 580 S.W.2d 206, 1979.

Upon the Commonwealth's motion to dismiss the indictment against the appellant, the appellant requested that the dismissal be "with prejudice." The Special Prosecutor, an Assistant Attorney General, joined the motion, and the trial court ordered the dismissal with prejudice. The appellant emphasizes the fact that the Commonwealth was aware of the distinction of a dismissal "with prejudice" and further approved the motion to "dismiss with prejudice."

The Commonwealth argues that a dismissal with prejudice only bars a future action in the context of civil trial practice. *Leibson v. Taylor,* Ky., 721 S.W.2d 690, 693 (1987). Additionally, the Commonwealth asserts that even if the words "with prejudice" bar further prosecution in the criminal context, that is so only if jeopardy attaches.[1] The appellant's indictment in the case at bar was dismissed before the jury had been empaneled, thus jeopardy did not attach.

In *Workman, supra,* the appellant made an agreement with the Commonwealth to take a polygraph examination and if the test indicated that he was innocent of the crime charged, the indictment would be dismissed. The appellant passed the polygraph examination, however, the Commonwealth did not abandon its prosecution. This Court held the Commonwealth to its bargain in *Workman,* and the indictment was dismissed with prejudice. *Workman,* 580 S.W.2d at 207.

In the more recent case of *Commonwealth v. Reyes,* Ky., 764 S.W.2d 62, 65 (1989), this Court again recognized the effect of agreements between the prosecution and defense as "binding and enforceable." In *Reyes,* this Court noted that "if the offer is made by the prosecution and accepted by the accused, either by entering a plea *or by taking action to his detriment in reliance on the offer,* then the agreement becomes pending and enforceable." *Id.* at 65. [Emphasis added.]

In the case at bar, the appellant argues, and we agree, that he relied to his detriment on the prosecution's motion to dismiss and the trial court's order dismissing his indictment with prejudice. Appellant's counsel repeatedly demanded by oral and written motion, that he receive a speedy trial. After a year of imprisonment and several trial date changes, upon the prosecution's motion to dismiss, the appellant

---

1. The *Leibson* Opinion went on to note that "any distinction that the parties hereto have attempted to draw between the right of the Trial Court to reinstate" an indictment that was dismissed 'with prejudice' or the right of the Trial Court to 'set aside' a previous order, *is moot, and we make no ruling with reference thereto. Leibson,* 721 S.W.2d at 693.

agreed and thereby forfeited his day in court. By again indicting the appellant for the charge previously dismissed with prejudice, the Commonwealth reneged on the agreement upon which the appellant had detrimentally relied.

■ The Commonwealth must honor its agreement to dismiss the case "with prejudice." The prosecution, therefore, is estopped from any further prosecution of the appellant. The term "dismissal with prejudice" is defined, in part, by *Black's Law Dictionary* as "an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." *Black's Law Dictionary*, 469 (6th ed. 1991). The Commonwealth's agreement to dismiss with prejudice, thus, prohibits the case from being reopened, and any language in *Leibson, supra,* to the contrary is overruled. *Leibson,* 721 S.W.2d at 693. However, no estoppel, or prohibition to reopen a case, will be applied against the Commonwealth if the Commonwealth was induced to dismiss the case by means of fraud, misrepresentation or a broken promise on the part of the defendant or his counsel; e.g., a promise to testify, as in *Leibson, supra.*

The Writ of Prohibition is hereby granted, barring further proceedings on Indictment No. 90–CR–022(1) and dismissing the Indictment with prejudice.

All concur.

LAMBERT, J., not sitting.

ENTERED September 26, 1991.

/s/ Robert F. Stephens
Chief Justice