**COMMONWEALTH of Kentucky, Appellant,**

v.

**Darwin E. HOLLOWAY, Appellee.**

No. 2005–CA–000829–MR.

Court of Appeals of Kentucky.

May 25, 2007.

Gregory D. Stumbo, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Frankfort, KY, for appellant.

No brief filed for appellee.

Before ABRAMSON and STUMBO, Judges; KNOPF,[1] Senior Judge.

## OPINION

STUMBO, Judge.

This appeal comes from a Fayette Circuit Court decision granting Darwin Holloway's petition for the expungement of all records concerning a 1996 case. In May of 1996, Holloway was charged with various felony and misdemeanor theft crimes. The case was submitted to the Grand Jury, but a "No True Bill" was returned and the charges dismissed. In March of 2005, Holloway filed a Petition for Expungement pursuant to KRS 431.078, which states in pertinent part:

(1) Any person who has been convicted of a misdemeanor or a violation, or a series of misdemeanors or violations arising from a single incident, may petition the court in which he was convicted for expungement of his misdemeanor or violation record. The person shall be informed of the right at the time of adjudication.

The Commonwealth's response to the petition noted that KRS 431.078 applies only to convictions for misdemeanors or violations. The Commonwealth also pointed out that KRS 431.076, which also concerns expungements, applied only to instances in which the accused was either acquitted of the charges or the charges were dismissed with prejudice. Holloway later asked for the expungement pursuant to KRS 431.076. This statute reads in part:

(1) A person who has been charged with a criminal offense and who has been found not guilty of the offense, or against whom charges have been dismissed with prejudice, and not in exchange for a guilty plea to another offense, may make a motion, in the District or Circuit Court in which the charges were filed, to expunge all records including, but not limited to, arrest records, fingerprints, photographs, index references, or other data, whether in documentary or electronic form, relating to the arrest, charge, or other matters arising out of the arrest or charge.

* * *

(4) If the court finds that there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court may grant the motion and order the sealing of all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records. The court shall order the sealing on a form provided by the Administrative Office of the Courts. Every agency, with records relating to the arrest, charge, or other matters arising out of the arrest or charge, that is ordered to seal records, shall certify to the court within sixty (60) days of the entry of the expungement order, that the required sealing action has been completed. All orders enforcing the expungement procedure shall also be sealed.

Thus, the Commonwealth argued, neither statute was a vehicle for relief for Holloway since a charge that results in a "No True Bill" finding by the Grand Jury is not dismissed with prejudice and can be refiled by the Commonwealth. RCr 5.22(3).

It was Holloway's contention that the language of KRS 431.076 permitted an ex-

---

**1.** Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

pungement because his charges were dismissed, albeit without prejudice, by virtue of the Grand Jury's refusal to indict. Holloway reasoned that since the "probable cause" standard needed for a Grand Jury indictment is a lower standard than the "beyond a reasonable doubt" standard needed to convict, he was entitled to relief.

The trial court found this to be a situation that seemed to slip between the cracks of KRS 431.078 and KRS 431.076. Neither statute directly deals with the situation where a grand jury declines to take action on a felony charge. Sensing an injustice in this situation, the trial court found in its Order on Petition for Expungement that

> it is the opinion of the Court that it is beyond reason that a defendant who is not even indicted by a Grand Jury would not be entitled to the relief sought of a expungement of his record whereas a defendant who was indicted by a Grand Jury and whose case was submitted to a Circuit Court trial by jury but found not guilty would be entitled to such relief.

Exercising the "sound discretion and inherent power of the Court to fairly administer justice," the trial court granted the petition for expungement pursuant to KRS 431.076. The Commonwealth then brought this appeal.

■ The Commonwealth argues that the trial court ignored the language of the statute and failed to give it its plain meaning, that the court was without inherent power to order expungement absent legislative authorization, and that, by ordering expungement, the court violated the separation of powers. This Court agrees with the Commonwealth's first argument, but disagrees with its other two. Regardless, this Court finds that there was no justification for expungement under the law and hereby reverses the order of the Fayette Circuit Court.

■ "Where the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as it is written." *Griffin v. City of Bowling Green,* 458 S.W.2d 456, 457 (Ky.1970). Here, the words of KRS 431.076 are clear and unambiguous. They plainly state that records can be expunged when there is a verdict of not guilty or when a case is dismissed with prejudice. The Legislature intentionally put the words "with prejudice" in the statute. Reading the statute to also include instances where a case was dismissed without prejudice would disregard the plain language of the statute. "[A] court may not insert language to arrive at a meaning different from that created by the stated language in a statute." *Peter Garrett Gunsmith, Inc. v. City of Dayton,* 98 S.W.3d 517, 520 (Ky.App.2002).

■ As for the Commonwealth's other two arguments, case law says that a court can expunge judicial and executive records in instances that do not have statutory authority. In *U.S. v. Doe,* 556 F.2d 391, 393 (6th Cir.Ohio 1977), the court states that "[i]t is within the inherent equitable powers of a [court] to order the expungement of a record in an appropriate case." Kentucky case law is scarce when dealing with inherent powers to expunge records. The issue, however, has been heavily litigated in federal courts. Most federal courts hold that a court can use its inherent powers to expunge a record in instances of extraordinary circumstances, such as illegal prosecutions, arrests under unconstitutional statutes, or where necessary to vindicate constitutional or statutory rights. *U.S. v. Gillock,* 771 F.Supp. 904, 908 (W.D.Tenn.1991).

The courts' power to expunge matters from records is one of 'exceedingly nar-

row scope' to be reserved for extreme cases and is not to be used routinely. The mere fact that an individual is not convicted on the charges on which he was arrested does not entitle him to expungement of the arrest record. Rather, expungement is ordinarily reserved for remedying the denial of an individual's constitutional rights.

*Coles v. Levine,* 561 F.Supp. 146, 153 (D.Md.1983) (citations omitted). In the case at bar, there were no constitutional infractions alleged that required a remedy; nor were there extraordinary circumstances found to take into account. "To permit law enforcement officials to retain arrest records, photographs or fingerprints promotes more effective law enforcement. Allowing the police broad discretion in retaining arrest records enables them to utilize more efficiently their facilities for combating crime. Moreover, arrest records may be vital in curbing the growth of crime." *U.S. v. Rosen,* 343 F.Supp. 804, 809 (S.D.N.Y.1972). Since there is a public interest in keeping criminal records, absent some showing of extraordinary circumstances, records cannot be expunged.

This Court is sympathetic to Holloway's situation. It has been ten years since the arrest at issue and no further action was taken by the Commonwealth after the Grand Jury returned the "No True Bill". There is a string of cases from the United States Court of Appeals for the Seventh Circuit that use a balancing test to determine whether or not a court can expunge records. In *Diamond v. U.S.,* 649 F.2d 496 (7th Cir.1981), that court approved a "case-by-case approach" in which " 'the court must weigh the reasons advanced for and against expunging arrest records.' If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate." *Id.*

at 499 (citation omitted); *see also U.S. v. Bohr,* 406 F.Supp. 1218 (D.C.Wisc.1976); *U.S. v. Janik,* 10 F.3d 470 (7th Cir.1993). In this case, however, there have been no factual findings that Holloway's reasons for receiving an expungement outweigh the need of the Commonwealth to retain those records.

■ We note that Holloway does have another remedy that is provided by statutory authority. KRS 17.142 permits application for the segregation of records when all charges have been dismissed, without the requirement of a dismissal with prejudice. KRS 17.142 reads:

(1) Each law enforcement or other public agency in possession of arrest records, fingerprints, photographs, or other data whether in documentary or electronic form shall upon written request of the arrestee as provided herein segregate all records relating to the arrestee in its files in a file separate and apart from those of convicted persons, if the person who is the subject of the records:

(a) Is found innocent of the offense for which the records were made; or

(b) Has had all charges relating to the offense dismissed; or

(c) Has had all charges relating to the offense withdrawn.

(2) A person who has been arrested and then has come within the purview of subsection (1) of this section may apply to the court in which the case was tried, or in which it would have been tried in the event of a dismissal or withdrawal of charges, for segregation of the records in the case. Upon receipt of such application the court shall forthwith issue an order to all law enforcement agencies in possession of such records to segregate the records in accordance with the provisions of this section.

(3) Each law enforcement agency receiving an order to segregate records shall forthwith:

(a) Segregate the records in its possession in a file separate and apart from records of convicted persons;

(b) Notify all agencies with which it has shared the records or to which it has provided copies of the records to segregate records; and

(c) All records segregated pursuant to this section shall show disposition of the case.

(4) Records subject to the provisions of KRS 431.076 or 431.078 shall be sealed as provided in those statutes.

This statute would allow Holloway to have the records held by any public agency segregated and removed from the public record. This statute does not however apply to judicial records. *Commonwealth v. Shouse,* 183 S.W.3d 204 (Ky.App.2006). While this remedy does not rise to the level of an expungement, it does provide for some relief.

The order of the Fayette Circuit Court is reversed.

KNOPF, Senior Judge, concurs.

ABRAMSON, Judge, concurs in result only.