Shannon GIBSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–SC–000481–DG.

Supreme Court of Kentucky.

June 25, 2009.

Rehearing Denied Oct. 1, 2009.

James F. Dinwiddie, Leitchfield, KY, Counsel for Appellant.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

This is an appeal from a Court of Appeals decision affirming the dismissal without prejudice of a criminal indictment against Appellant, Shannon Gibson. The issue presented is whether a trial court has the authority, over objection of the Commonwealth, to designate the pretrial dismissal of a criminal case as "with prejudice." We find that the trial court does not have such authority, and affirm the Court of Appeals.

## I. RELEVANT FACTS

Appellant was charged in the Grayson Circuit Court with a violation of KRS 514.050, theft of services over $300.00, in September 2003. The essence of the offense was that she unlawfully received electricity for her business by diverting it through an illegally placed, hidden wire from a neighboring electric meter. After a lengthy discovery period, the case was set for trial in January 2006.

On the eve of trial, the circuit court granted the motion of Appellee, Commonwealth of Kentucky, to dismiss "without prejudice" the charge against Appellant. Although the motion had been noticed for hearing on January 26, 2006 (the day of trial), the order dismissing was signed on January 25, 2006, before Appellant had a fair opportunity to be heard on the issue of the dismissal. It appears that the reason for the Commonwealth's motion was that its case against Appellant had substantially deteriorated. Appellant filed a timely motion to amend the order of dismissal, but

she asked only that the dismissal be deemed to be "with prejudice." She did not ask for the alternative relief of vacating the order and going to trial. The Commonwealth vigorously argued against the amendment, and after a hearing, the court denied her motion. Appellant appealed the trial court's ruling, arguing that the trial judge abused his discretion by refusing to convert the dismissal from "without prejudice" to "with prejudice." Gibson claims that she is prejudiced by the dismissal because she is now unable to demand a trial that would "clear her name," and she is unable to have the arrest expunged from her record.[1]

In a well-reasoned opinion by Judge VanMeter, the Court of Appeals held that the trial court had not abused its discretion because, under the doctrine of separation of powers, it lacked the authority in the present circumstances to designate the pretrial dismissal of Gibson's case "with prejudice." We agree, and accordingly affirm the decision of the Court of Appeals.

We have previously recognized that the Commonwealth and the defendant in a criminal case may agree, subject to the court's approval, for the dismissal of a case with prejudice. *See Shaffer v. Morgan*, 815 S.W.2d 402, 404 (Ky.1991) (holding that the Commonwealth's agreement to dismiss with prejudice, which prompted the defendant to drop his demand for a speedy trial, barred any reopening of the case.) To avoid a misconception about the meaning of the terms, we refer to *Black's Law Dictionary*, which defines "dismissed with prejudice" as "removed from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on

the same claim or claims." *Black's Law Dictionary* 503 (8th ed.2004). It defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim or claims." *Id.* at 503. What Appellant seeks to prevent and the Commonwealth seeks to preserve, is the possibility of a resurrection of the charge against Appellant.

## II. ANALYSIS

### A. The Application of Civil Rules 41.01 to Criminal Cases

■ Appellant argues that Civil Rule (CR) 41.01 authorizes the voluntary pretrial dismissal of a case, and grants the court the discretion to decide whether to render the dismissal "without prejudice" or "with prejudice." She then asserts that, by virtue of Rule of Criminal Procedure (RCr) 13.04[2], CR 41.01 applies to criminal cases and authorizes the relief she seeks. CR 41.01 provides for the voluntary dismissal of "an action, or any claim therein" without order of the court by stipulation of the parties, or by the plaintiff alone anytime before the service of an answer by the adverse party. Such voluntary dismissals are without prejudice unless "otherwise stated" in the parties' stipulation or in the plaintiff's notice of dismissal. CR 41.01(1). Other dismissals in civil actions require an order of the court and are deemed to be without prejudice unless "otherwise specified." CR 41.01(2). Presumably, "otherwise" could be "with prejudice," however, that term is not used in the Rule.

In *Sublett v. Hall*, 589 S.W.2d 888 (Ky. 1979), we set forth a number of factors to

---

1. KRS 431.076 allows expungement of criminal records for felony charges that have been dismissed "with prejudice."

2. RCr 13.04 states, "The Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure."

be considered by trial courts in deciding whether a dismissal under CR 41.01 should be with prejudice or without. *Id.* at 893. Appellant contends that, along with CR 41.01, those factors should be applied in a criminal case. She argues that had those factors been considered, it would have been clear to the trial court that dismissing her case "without prejudice," instead of "with prejudice" was error.

For three reasons we conclude that CR 41.01 cannot be extended to criminal cases. First, we note that CR 41.01 contains several references to pleadings that exist only in civil actions, and have no analogous counterpart in the criminal context. When the references to those pleadings are omitted, it is exceedingly difficult to ascertain what meaning the Rule would have in a criminal context. Second, and more importantly, RCr 9.64 covers the matter of voluntary dismissals of criminal cases, and thereby supersedes the applicability of CR 41.01. *See* RCr 13.04. Any ambiguity found in RCr 9.64 because it lacks reference to dismissals being with or without prejudice would not be resolved by CR 41.01. Finally, unlike a civil action, a criminal case inherently involves substantial interaction between the executive, legislative, and judicial branches of government, and thereby implicates the doctrine of separation of powers embodied in Sections 27 and 28 of the Kentucky Constitution. Consideration of that doctrine is not embodied in CR 41.01, and therefore any usefulness it may have in a criminal context is greatly diminished.

We therefore reject Appellant's argument that CR 41.01 provides a means by which the trial court could have designated the dismissal as "with prejudice." We note that our opinion in *Commonwealth v. Berry,* 184 S.W.3d 63, 65 (Ky.2005), contains a fleeting reference to the lower court's use of CR 41.01 in finding that the voluntary dismissal of an indictment was without prejudice. Our decision in *Berry,* however, was founded upon KRS 505.030 and double jeopardy considerations, and should not be construed as authority for the application of CR 41.01 to criminal cases.

### B. The Trial Court Lacked Authority to Dismiss Appellant's Indictment "With Prejudice"

■ The issue, as articulated by Appellant, is whether the trial court abused its discretion when it declined to designate as "with prejudice" the dismissal of her indictment. That phrasing of the issue begs the question as to whether the trial court has the authority to so designate a pretrial dismissal against the objection of the Commonwealth. In *Hoskins v. Maricle,* 150 S.W.3d 1 (Ky.2004), we extensively discussed the Constitutional doctrine of separation of powers as it relates to the involvement of each branch of government in criminal prosecutions. As we noted in *Hoskins,* and as the Court of Appeals observed in its decision in this case, our state Constitution specifically articulates the doctrine of separation of powers. *Id.* at 11. Section 27 of the Kentucky Constitution divides the power of government into the three distinct departments: the legislative, the executive, and the judicial. Section 28 states:

> No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in instances hereinafter expressly directed or permitted.

■ The power to define crimes and establish the range of penalties for each crime resides in the legislative branch. The power to charge persons with crimes and to prosecute those charges belongs to the executive department, and by statute,

is exercised by the appropriate prosecuting attorney. The power to conduct criminal trials, to adjudicate guilt and to impose sentences within the penalty range prescribed by the legislature belongs to the judicial department. *See Hoskins,* 150 S.W.3d at 11–12. Citing authority for the principle that the executive branch has exclusive authority and absolute discretion in deciding whether to prosecute a case, and broad discretion as to what crime to charge and penalty to seek, we stated in *Hoskins:*

> Concomitantly, subject to rare exceptions usually related to a defendant's claim of a denial of the right to a speedy trial, the trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away before trial a prosecution based on a good indictment.

*Id.* at 13.

In *Hoskins,* we examined the intersection of judicial and executive power when we considered the constitutionality of CR 9.64, which requires the court's permission for the voluntary dismissal of an indictment by the prosecutor. *Hoskins,* 150 S.W.3d at 16–17. A similar analysis was required in the case of *Flynt v. Commonwealth,* 105 S.W.3d 415 (Ky.2003). The issue presented in *Flynt,* was whether a trial court could place a criminal defendant on a pretrial diversion program without the consent of the prosecuting attorney. *Id.* at 426. A criminal defendant who successfully completes a Pretrial Diversion Program is entitled to dismissal of his charges under circumstances that "shall not constitute a criminal conviction." KRS 533.258(1). Upon completion of the program, RCr 8.04(5) provides for the charges to be "dismissed with prejudice." In holding that the prosecuting attorney's consent was required, we said:

> [t]o interpret KRS 533.250(2) as permitting a trial court to approve pretrial diversion applications over the Commonwealth's objection—and thus conferring upon circuit courts the discretionary authority that we have previously held to be within the exclusive province of the executive branch—would construe it in a manner inconsistent with Kentucky's constitutional separation of powers provisions..... (W)here the Commonwealth objects to pretrial diversion, circuit courts cannot unilaterally approve a defendant's diversion application.

*Id.* at 426. Critical to our holding in the *Flynt* case is the fact that, unlike other "pretrial diversion" schemes, the program established by the General Assembly enables a criminal defendant to avoid a felony conviction entirely, and potentially, if the Program is satisfactorily completed, results in a dismissal of the case "with prejudice," barring future prosecution for that offense. Thus, we held that our Constitution's provision for separation of powers requires the agreement of the executive branch ("the Commonwealth") before entry into the Program may be ordered by the court. We find the same reasoning applicable in the instant case, where Appellant would vest the judicial branch with the discretion to unilaterally terminate a criminal prosecution permanently.

There are a variety of situations which may result in a dismissal of a criminal case under circumstances which, against the wishes of the Commonwealth, preclude further adjudication and are, in effect, a dismissal "with prejudice." These include the violations of the right to speedy trial and the mistrials that occur after jeopardy attaches. In *Commonwealth v. Baker,* our Court of Appeals recognized that "outrageous government conduct could taint evidence irrevocably, or prejudice a defendant's case on the merits such that notions of due process and fundamental fairness

would preclude reindictment." 11 S.W.3d 585, 590 (Ky.App.2000).

We note further that, by enactment of KRS 505.030, the legislative branch has defined the circumstances in which a prosecution for an offense is barred by a previous prosecution for that same offense. Omitted from those circumstances is the kind of dismissal with prejudice that Appellant would, under CR 41.01, place in the hands of the trial court. KRS 505.030, together with the Constitutional issues described above, are among the situations giving rise to dismissals in which a future prosecution is barred. A judge may designate such a dismissal as "with prejudice," but it is the underlying substantive law, not the judge's discretion, that precludes further litigation. A judge cannot, simply by the exercise of his own discretion however well founded it may be, preclude future prosecution with a designation of a voluntary dismissal as "with prejudice," in the absence of substantive law justifying same. The control of the judiciary, when a voluntary dismissal without prejudice appears unjust, is simply to withhold permission and disallow the voluntary dismissal, as provided for in RCr 9.64.

## III.  CONCLUSION

██ The dismissal which Appellant in this case seeks is one which would foreclose forever any further adjudication of the charge against her. We appreciate her need and desire for that result, and we do not conclude that such a result would be unjust. We conclude that under the circumstances before us, it is not within the province of the judicial branch of our government to grant a request to designate the dismissal "with prejudice" where Appellant made no claim of denial of her right to a speedy trial, of prosecutorial misconduct so outrageous as to irrevocably taint the case against her, of double jeopardy, or of any other deprivation of rights which, under KRS 505.030 or under recognized principles of Constitutional law, forecloses a future attempt to prosecute her.

Appellant, we believe, should have been given the opportunity before entry of the order dismissing without prejudice, to voice her objections and demand the trial she needs to "clear her name." It was error for the trial court to sign the order tendered by the Commonwealth prior to a hearing. Had a hearing been held, she could have presented her reasons for preferring a trial over the uncertainty she now faces. The trial court then could have considered the Commonwealth's reasons for a voluntary dismissal, and under RCr 9.64, could grant or deny based upon a fair consideration of all relevant concerns. That error, however, was waived when Appellant made her motion to amend the order, and failed to ask the court to vacate dismissal of the order and reschedule the trial. She has never argued that the trial court abused the discretion it clearly had under RCr 9.64 to deny the Commonwealth's motion to dismiss without prejudice. She only argued that the trial court erred by refusing to amend the order to a dismissal with prejudice. She did not complain on appeal that the trial court should have set aside the dismissal and tried her case. She has demanded only that the dismissal be designated to be with prejudice. That result, as we conclude above, is not within the power of this Court to grant.

Accordingly, the decision of the Court of Appeals is affirmed.

All sitting. MINTON, C.J.; ABRAMSON, NOBLE and SCHRODER, JJ., concur. CUNNINGHAM, J., concurs by separate opinion. SCOTT, J., concurs by separate opinion.

CUNNINGHAM, Justice, concurring:

I concur with the excellent opinion of Justice Venters. Furthermore, it is my opinion that the trial court's characterization of dismissing a criminal charge "with prejudice" is an unconstitutional invasion by the judiciary into an executive function, and is without any legal effect pursuant to Sections 27 and 28 of the Kentucky Constitution. The trial court has no constitutional authority to instruct the prosecution as to what crimes it can prosecute.

I would also point out for the benefit of the hapless Appellant-with whom I am sympathetic—that upon a showing of "extraordinary circumstances" there appears to be some wiggle room for expungement, in spite of KRS 431.076. *Commonwealth v. Holloway,* 225 S.W.3d 404 (Ky.App. 2007). While the issue is not before us in this case, I would be in favor of adopting the balancing test when it comes to expungement as mentioned in *Holloway,* and as set down in *Diamond v. U.S.,* 649 F.2d 496 (7th Cir.1981).

SCOTT, Justice, concurring:

I also concur with the well-reasoned opinion of my esteemed colleague, Justice Venters.

In those instances where the Commonwealth is assured it has indicted an innocent person and there is no possibility of re-indictment in the matter, it should move, as a matter of fairness, to dismiss the indictment with prejudice, so as to fully clear such person's name. Where, in such rare situations, it does not, but seeks only a dismissal without prejudice, the trial court may upon an appropriate request from the defendant and after an appropriate hearing and findings, deny the Commonwealth's motion to dismiss without prejudice, giving both the Commonwealth and the defendant a trial by jury to answer the questions presented and end the matter appropriately. RCr 9.64 "[W]hether to grant or withhold that approval is a matter of judicial discretion." *Hoskins v. Maricle,* 150 S.W.3d 1, 16 (Ky.2004).

However, here, as noted by the trial court, no objection was made to the ex-parte dismissal until after such a lapse of time as precluded the Commonwealth, and thus, the Court, from reinstating the indictment so as to facilitate a trial by jury on the questions of guilt or acquittal. Nor, was the Court of Appeals, or this Court, asked to address any question of discretion or due process which may have resulted in a reversal and reinstatement of the indictment so that Appellant might force the issue of trial or dismissal with prejudice.

Absent such a request in this instance, I concur with my esteemed colleague, Justice Venters that we should not answer a question that was not asked.