NICKELL, JUDGE:
Rona Alexander has appealed from the March 23, 2017, order of the Campbell Circuit Court granting the Commonwealth's *8 motion to dismiss an indictment against her without prejudice. She contends the trial court should have denied the motion and permitted the matter to proceed to trial. She further urges us to hold trial courts have the inherent power to grant expungement in cases such as hers. Following a careful review, we disagree with Alexander and affirm.
Following a traffic stop, Alexander was charged with possession of a controlled substance and possession of drug paraphernalia and was ultimately indicted by a Campbell County Grand Jury for those offenses. She successfully challenged the stop as unconstitutional and the trial court granted her motion to suppress the evidence seized. Having no other evidence to support the charges, the Commonwealth verbally moved to dismiss the indictment without prejudice at a subsequent pretrial conference. Alexander opposed the motion, asserting a dismissal without prejudice could never be expunged or removed from her record. She sought a hearing on the Commonwealth's motion and also requested the matter be set for a jury trial. The trial court set a trial date, directed the Commonwealth to file a written motion, permitted Alexander time to respond and set the matter for a hearing prior to the scheduled trial date.
Following a short hearing, the trial court granted the Commonwealth's motion over Alexander's objection. While noting its displeasure with the Commonwealth's position, the trial court concluded it had no authority to dismiss an indictment with prejudice absent the Commonwealth's consent. Because the matter was dismissed, no jury trial occurred. This appeal followed.
Alexander argues the trial court abused its discretion in granting the dismissal without prejudice and not permitting the matter to proceed to trial. Alternatively, Alexander contends the trial court should be permitted to use its "inherent power to grant expungement in this case." Neither of these assertions finds support in the law.
It is axiomatic that absent extraordinary circumstances,[1] a trial court may not dismiss an indictment prior to trial except with consent of the Commonwealth. RCr 2 9.64; Hoskins v. Maricle , 150 S.W.3d 1, 13 (Ky. 2004).
The power to define crimes and establish the range of penalties for each crime resides in the legislative branch. The power to charge persons with crimes and to prosecute those charges belongs to the executive department, and by statute, is exercised by the appropriate prosecuting attorney. The power to conduct criminal trials, to adjudicate guilt and to impose sentences within the penalty range prescribed by the legislature belongs to the judicial department. See Hoskins , 150 S.W.3d at 11-12.
Gibson v. Commonwealth , 291 S.W.3d 686, 689-90 (Ky. 2009). RCr 9.64 states:
[t]he attorney for the Commonwealth, with the permission of the court, may dismiss the indictment, information, *9 complaint, or uniform citation prior to the swearing of the jury or, in a non-jury case, prior to the swearing of the first witness.
Whether to grant permission for dismissal lies within the sound discretion of the trial court. Hoskins , 150 S.W.3d at 16. A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999).
A trial court has no discretion to designate a dismissal as one with prejudice absent substantive law barring future prosecution. "The control of the judiciary, when a voluntary dismissal without prejudice appears unjust, is simply to withhold permission and disallow the voluntary dismissal, as provided for in RCr 9.64." Gibson , 291 S.W.3d at 691. This is the relief Alexander sought below as the trial court was undisputedly without authority to dismiss the charges against her with prejudice in the face of the Commonwealth's opposition.
In the instant matter, the trial court stated its belief that dismissing the indictment without prejudice "doesn't seem right" and expressed its belief that the Commonwealth's position lacked "professionalism." Even so, the trial court stopped short of opining dismissing the indictment without prejudice would be unjust. Motions to dismiss pending prosecutions "must be sustained unless clearly contrary to manifest public interest." Hoskins , 150 S.W.3d at 24.
[I]t is not within the province of the judicial branch of our government to grant a request to designate the dismissal "with prejudice" where Appellant made no claim of denial of her right to a speedy trial, of prosecutorial misconduct so outrageous as to irrevocably taint the case against her, of double jeopardy, or of any other deprivation of rights which, under KRS 505.030 or under recognized principles of Constitutional law, forecloses a future attempt to prosecute her.
Gibson , 291 S.W.3d at 691. Based on the facts and circumstances presented herein, the trial court's decision to grant the Commonwealth's motion does not constitute an abuse of discretion.
We are likewise convinced the trial court did not err in denying Alexander's request to permit the case to proceed to trial. Clearly, Alexander wished to obtain a directed verdict of acquittal which would permit a subsequent expungement of the instant charges from her record. As she correctly notes, because the charges against her have been dismissed without prejudice, such relief is not now, and will not be in the future, available to her. Although we are sympathetic with Alexander's plight-and echo the trial court's displeasure with the Commonwealth's "policy" of never dismissing cases with prejudice, even those which are clearly and wholly unprosecutable-the decision of the trial court was firmly rooted in established law and we are without authority to hold otherwise. The power to change the law to avoid facially unjust results as the one in this matter lies squarely with the General Assembly. The power to change unfair policies lies solely with the prosecuting authority. We are constrained to affirm.
Finally, contrary to Alexander's contention, trial courts do not possess an inherent power to expunge criminal records under circumstances such as those presented in the instant matter. Expungement is a privilege granted by statute, the express limits of which cannot be extended by judicial fiat. "Where the words used in a statute are clear and unambiguous and express the legislative *10 intent, there is no room for construction and the statute must be accepted as it is written." Griffin v. City of Bowling Green , 458 S.W.2d 456, 457 (Ky. 1970). The language of KRS 431.076 is clear and unambiguous, plainly stating records can be expunged when there is a verdict of not guilty or when a case is dismissed with prejudice. The words "with prejudice" were intentionally placed in the statute. Reading KRS 431.076 to also include instances where a case was dismissed without prejudice would disregard the plain language of the statute. "[A] court may not insert language to arrive at a meaning different from that created by the stated language in a statute." Peter Garrett Gunsmith, Inc. v. City of Dayton , 98 S.W.3d 517, 520 (Ky. App. 2002). Alexander's contention is without merit. Further, we decline Alexander's invitation to consider adoption of a "balancing test" regarding expungement in cases such as the one at bar.[3]
For the foregoing reasons, the judgment of the Campbell Circuit Court is AFFIRMED.
COMBS, JUDGE, CONCURS.
JONES, JUDGE, CONCURS IN RESULT ONLY.

Such circumstances include "outrageous government conduct" resulting in violations of due process or offending principles of fundamental fairness, Commonwealth v. Baker , 11 S.W.3d 585, 590 (Ky. App. 2000) (quoting United States v. Lawson , 502 F.Supp. 158, 172 (D. Md. 1980) ); "flagrant abuse" of prosecutorial authority resulting in prejudice to a defendant, Commonwealth v. Hill , 228 S.W.3d 15, 17 (Ky. App. 2007) (quoting Commonwealth v. Baker , 11 S.W.3d 585, 588 (Ky. App. 2000) ); and violations of the right to a speedy trial or mistrials after jeopardy has attached, Gibson v. Commonwealth , 291 S.W.3d 686, 690 (Ky. 2009).

Similar invitations have previously been extended to the Supreme Court of Kentucky. While signaling a potential willingness to consider adopting such a test, it has thus far declined to do so.