RENDERED:  OCTOBER 23, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1360-MR

COMMONWEALTH OF KENTUCKY         APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.      HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 19-CR-00292

JAMES NEAL HENSLEY         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  The Commonwealth of Kentucky appeals from an order, entered

by the Boone Circuit Court, which granted Appellee's motion to dismiss, based

upon speedy trial grounds.  Finding no abuse of discretion, we affirm the order of

dismissal with prejudice by the Boone Circuit Court.

# I. Factual Background

On January 30, 2019, Florence police were called to the Microtel Hotel to conduct a welfare check on Appellee. Upon arrival, the officers found the door open, proceeded into Appellee's room, and found Appellee. In plain view of the officers was drug paraphernalia and what appeared to be heroin residue in tins.

On April 2, 2019, the grand jury of the Boone Circuit Court indicted Appellee on charges of possession of drug paraphernalia and first-degree possession of a controlled substance (third or greater offense).

During a pretrial conference on May 22, 2019, the Commonwealth confirmed that the results from the state laboratory testing of the residue collected from the tins found in the hotel room had still not been received. During the pretrial conference, the trial court granted the request of Appellee to schedule another pretrial conference in June in order to receive an update on the lab test results.

At the ensuing pretrial conference on June 19, Appellee informed the trial court of his desire to schedule a trial date. The trial court agreed and set trial for August 26. The Commonwealth informed the trial court that the samples were submitted for testing on May 6, but due to a backlog at the laboratory, the results might not be available by August 26. Appellee asserted his right to a speedy trial

and informed the trial court that he would oppose any subsequent motions to continue the trial date filed by the Commonwealth.

The trial court agreed that the lack of lab results was a due process violation. Appellee formally requested a speedy trial (both orally and written) and the trial court granted the motion.

At the final pretrial conference on August 21, 2019 (five days before trial), the Commonwealth informed the trial court that the laboratory test results were still not available. During the August 21 pretrial conference, the Commonwealth filed a motion to continue the trial date claiming the unavailability of the case officer and Appellee objected.

Appellee reminded the court that his motion for a speedy trial had already been granted and reiterated the fact that the lab test results were still unavailable.

The trial court denied the motion to continue. The court explained that if the only issue were the unavailability of the officer, it would base its decision on the totality of the circumstances with respect to that issue. However, the court stated that the delay in providing the lab test results was too long and violated Appellee's right to a speedy trial. The court specified that this delay was prejudicial because the state's own agencies could not provide evidence against a defendant who was being held in custody.

The Commonwealth then requested that the trial court dismiss the case without prejudice. Appellee objected and stated that the proper remedy was to dismiss the case with prejudice.

The trial court denied the Commonwealth's motion to dismiss without prejudice and granted Appellee's motion to dismiss with prejudice. In explaining its decision on the record, the trial court stated, "I'm supposed to adjudicate cases case-by-case, and my view on it is that I granted a motion for speedy trial. I took an oath to protect the rights of those who come before me, and I believe it's an issue here."

## II. Standard of Review

The trial court entered a written order explaining the basis for its decision and the Commonwealth has appealed both the trial court's decision to deny the motion to continue and the dismissal of the case with prejudice, which this court must review on an abuse of discretion standard: "We review a trial court's denial of a motion for a continuance under an abuse of discretion standard." *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

### III. Legal Analysis

The Commonwealth argues that the trial court did not analyze any of the relevant factors in making either decision. Had the trial court done so, according to the Commonwealth, it would have found that those factors weighed in favor of the Commonwealth in both instances. An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Garrett v. Commonwealth*, 534 S.W.3d 217, 224 (Ky. 2017) (quoting *English*, 993 S.W.2d at 945).

Appellee argues that the trial court did consider all relevant factors and did not abuse its discretion in making its decision. Appellee argues that there was a clear violation of his right to a speedy trial, through no fault on his part. Therefore, he insists that the trial court was correct in dismissing the case with prejudice. Appellee points out that the trial court's decision was based upon the missing lab results, and the fact that the Commonwealth was missing a "material witness" was irrelevant to the decision.

**A. The trial court did not abuse its discretion in denying the Commonwealth's motion to continue.**

In determining whether to grant a continuance, a court must consider several factors, including:

> [the] length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the

> court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice.

*Morgan v. Commonwealth*, 421 S.W.3d 388, 392 (Ky. 2014) (quoting *Snodgrass*, 814 S.W.2d at 581). In making this analysis, "[i]dentifiable prejudice is especially important." *Id.* at 393 (quoting *Bartley v. Commonwealth*, 400 S.W.3d 714, 733 (Ky. 2013)).

The Commonwealth makes the argument that because the trial court did not analyze any of the factors mentioned above, there was an abuse of discretion. This is inaccurate. Based on the record, it appears that the trial court *did* analyze these factors, while not explicitly doing so. Appellee provided evidence of an identifiable prejudice in that there would not be adequate time to prepare a defense to the test results, which the judge acknowledged. The court also noted that this was neither a serious nor complex crime. This was due to, per the Commonwealth's brief, the offer of a "rocket docket" in this case. In the trial court's order, this was explicitly mentioned: "[c]onsidering nature of the charges, the complexity (or lack thereof) concerning the analysis required, together with all the other circumstances present in this case . . . ." Therefore, the trial court did analyze the necessary relevant factors.

While all factors need to be considered, the factors that are weighed more heavily are the timing of the motion and the complexity of the case. In

*Bartley*, the Kentucky Supreme Court found that the denial of a motion to continue did not constitute an abuse of discretion despite several factors weighing in favor of the appellant:

> Here, although as Bartley notes the case had been pending for less than a year . . . , and no previous continuance had been granted, we are not persuaded that the denial of the defendants' tenth-hour motion to postpone a September trial that had been scheduled since April amounted to an abuse of discretion. The inconvenience to parties and witnesses, including numerous medical care providers and emergency service personnel, of postponing an imminent trial raising fairly straightforward issues was likely.

400 S.W.3d at 733. In the same case, the Court noted that there was no abuse of discretion because the two defendants failed to pursue their motion in a timely manner:

> Both defendants failed to pursue their motion diligently; they had known since the outset of the case that medical proof concerning causation and the extent of K.B.'s injuries would be important, and they had known for nearly as long that the nursing home might have pertinent records.

*Id.* at 733-34. In this case, the Commonwealth had known of the backlog at the testing facility. The Commonwealth had the evidence since January but failed to submit it for testing until May. Despite being aware of the backlog, the Commonwealth failed to file a motion until five days before trial was set to begin.

Granting the motion to continue would allow the Commonwealth to benefit from its own untimely handling of the evidence and would be prejudicial to Appellee.

The nature and lack of complexity of this case, combined with the Commonwealth's failure to timely pursue its motion, weighs in favor of Appellee. While the trial court may not have expressly stated each of the necessary factors, its consideration of them can be inferred from the language of the order. Although the Commonwealth claims the denial of its motion to continue was not supported by any legal principles and was arbitrary, we disagree. For the reasons stated above, we are convinced that the trial court impliedly considered all relevant factors in his decision and thus did not abuse its discretion.

**B. The trial court did not abuse its discretion when it ordered Appellee's case dismissed due to the violation of his right to a speedy trial.**

The Sixth Amendment to the U.S. Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" This right is incorporated "to the states through the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Smith v. Commonwealth*, 361 S.W.3d 908, 914 (Ky. 2012) (citing *Barker v. Wingo*, 407 U.S. 514, 515, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *Klopfer v. North Carolina*, 386 U.S. 213, 222-23, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967)).

A defendant is also guaranteed the right to a speedy trial through Section Eleven of the Kentucky Constitution. This section provides, in relevant part, as follows:

> In all criminal prosecutions the accused has the right . . . to demand the nature and cause of the accusation against him; to meet the witnesses face to face . . . and in prosecutions by indictment or information, he shall have a speedy public trial . . . .

This Court analyzes "a defendant's constitutional rights to a speedy trial, under both the Federal and Kentucky constitutional provisions, by applying the four-factor *Barker* test." *Dunaway v. Commonwealth*, 60 S.W.3d 563, 569 (Ky. 2001) (citing *Barker*, 407 U.S. 514).

The four factors that must be balanced in deciding a speedy trial issue are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker*, 407 U.S. at 530. None of these factors on its own is dispositive of the ultimate finding. *Smith*, 361 S.W.3d at 914 (citing *Barker*, 407 U.S. at 533). Applying the *Barker* factors to this case, the trial court did not abuse its discretion in dismissing the case due to a violation of the right to a speedy trial.

## 1. Length of delay

When considering the length of the delay, the nature and complexity of the case must be considered. As explained previously, this case involved fairly

straightforward matters. Some delays can be presumptively prejudicial based on the nature and complexity of the case. *Cain v. Smith*, 686 F.2d 374 (6th Cir. 1982). In *Cain*, the court held that an 11.5-month delay for a trial where "much of the evidence was eyewitness testimony" was presumptively prejudicial. *Id.* at 381. As explained in Appellee's brief, the only evidence the Commonwealth needed to prove this crime were the test results. The evidence was seized in January but was not submitted for testing until May. The Commonwealth was made aware months in advance that Appellee wanted the results in time for trial. Through no fault of Appellee, the Commonwealth failed to meet that request. Therefore, the length-of-delay factor weighs in favor of Appellee.

## 2. Reason for delay

The Commonwealth argues that the reason for the delay was the unavailable witness. However, this had no bearing on the trial court's decision. Appellee objected to the motion to continue based on the missing test results. Based on that, the court denied the motion to continue and found a speedy trial violation. As stated in Appellee's brief, Appellee is not responsible for making sure that the Commonwealth has the proper resources to conduct its testing. The inability to produce the results was strictly due to the Commonwealth's failure to promptly test the residue. The trial court took notice of this in its decision:

> **[T]he Court also notes that the Commonwealth did not submit the residue for testing until May 6, despite**

**the fact Defendant was arrested on January 30, and despite the known backlog on testing**. This undercuts the Commonwealth's argument (on August 21st) that it could somehow avoid this predicament by increasing delay earlier in the proceedings.

(Emphasis in original). Because Appellee did not contribute to the delay via his own motions and promptly notified the Commonwealth that he would object to any motions to continue, the reason-for-delay factor weighs heavily in Appellee's favor.

### 3. Assertion of the right

The assertion-of-the-right prong is fairly straightforward and weighs in Appellee's favor. Appellee asserted his speedy trial right both orally and in writing. This motion was granted both orally and in writing by the trial court. Throughout the proceedings, both sides remained firm in their positions on the matter. This factor clearly favors Appellee.

### 4. Prejudice to the defendant

The final prong to consider is prejudice to the defendant. The Commonwealth argues that because Appellee was being held for other reasons, a delay would not be prejudicial. If this were the case, the Commonwealth would be correct. However, based on the record before this Court, it is not clear why Appellee was being held. Regardless, the trial court explained that a delay would still be prejudicial to the case. The trial court stated its concern of how this delay

-11-

would disrupt defense counsel's strategy. Even if the test results were to become available before trial, the defense would not have adequate time to prepare its arguments. The trial court specifically found that "[g]iving [the test results] to Defendant mere days before trial would be, at best, lopsided. At worst, it would deny him a fair opportunity to prepare his defense."

Contrary to the Commonwealth's contention, the trial court expressly considered the reason-for-the-delay, the assertion-of-the-right, and the prejudice-to-the-defendant factors. The only prong not expressly mentioned is the length-of-delay prong. However, this can be inferred based on the trial court's "nature and complexity" findings in the written order.

Because these factors in this case weigh heavily in favor of Appellee, the trial court did not abuse its discretion in dismissing the case due to a speedy trial violation.

**C. The trial court did not abuse its discretion when it granted Appellee's motion to dismiss the charges with prejudice.**

The Commonwealth argues that relevant case law states that the standard in this situation is that "[m]otions to dismiss pending prosecutions 'must be sustained unless clearly contrary to manifest public interest.'" *Alexander v. Commonwealth*, 556 S.W.3d 6, 9 (Ky. App. 2018) (quoting *Hoskins v. Maricle*, 150 S.W.3d 1, 24 (Ky. 2004)). The Commonwealth claims that because granting

-12-

the motion to dismiss without prejudice would not be clearly contrary to manifest

public interest, the trial court abused its discretion in dismissing the case with

prejudice. Again, we disagree.

There are several exceptions that allow a trial court to dismiss a case

with prejudice. One such exception arises when there is a speedy trial violation:

> Concomitantly, subject to rare exceptions **usually related to a defendant's claim of a denial of the right to a speedy trial**, a trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away before trial a prosecution based on a good indictment.

*Hoskins*, 150 S.W.3d at 13 (emphasis added) (footnote and citations omitted). The

Commonwealth references *Alexander* and *Gibson v. Commonwealth*, 291 S.W.3d

686 (Ky. 2009), which also cites to the speedy trial exception:

> [I]t is not within the province of the judicial branch of our government to grant a request to designate the dismissal "with prejudice" where Appellant **made no claim of denial of her right to a speedy trial**, of prosecutorial misconduct so outrageous as to irrevocably taint the case against her, of double jeopardy, or of any other deprivation of rights which . . . forecloses a future attempt to prosecute her.

*Id.* at 691 (emphasis added). Clearly, a speedy trial violation gives a trial judge the

discretion to dismiss a case with prejudice without the consent of the prosecutor.

As the trial court correctly stated, dismissing this case without prejudice would

allow the Commonwealth to re-indict and allow the Commonwealth to "renew the

-13-

fight another day." Dismissing this case without prejudice would gut the entire purpose of the speedy trial motion and would have the same effect as denying Appellee's right to a speedy trial. Given our decision that there was a speedy trial violation in this case, the trial court did not abuse its discretion in dismissing this case with prejudice.

Accordingly, the trial court's decisions to deny the Commonwealth's motion to continue and deny the Commonwealth's motion to dismiss without prejudice are hereby **AFFIRMED**.


ALL CONCUR.


BRIEF FOR APPELLANT:

Andy Beshear
Attorney General of Kentucky

Louis D. Kelly
Special Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Steven J. Buck
Frankfort, Kentucky