RENDERED: JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1462-MR

COMMONWEALTH OF KENTUCKY                                     APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.                          HONORABLE MITCH PERRY, JUDGE
ACTION NO. 16-CR-001375

HUMBERTO RAMOS                                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: The Commonwealth of Kentucky appeals from an order of the Jefferson Circuit Court dismissing without prejudice the indictment of Humberto Ramos. It argues that the circuit court exceeded its authority based on the Separation of Powers doctrine of the Kentucky Constitution and the supportive case law. After careful review, we conclude that the indictment was improperly dismissed. We therefore reverse the order on appeal and remand the matter to the circuit court.

## FACTS AND PROCEDURAL HISTORY

On May 25, 2016, a Jefferson County grand jury indicted Humberto Ramos on one count of escape in the second degree.[1] Ramos was arraigned about one week after the indictment and appeared before the circuit court for the final time on September 1, 2016. Thereafter, it appears that Ramos was either in federal custody or detained by immigration authorities, and could no longer be located within the Commonwealth.

On September 26, 2022, the Jefferson Circuit Court *sua sponte* placed this matter on the docket for consideration of whether the indictment should be dismissed because no action had been taken on it for about six years. The Commonwealth argued against dismissal, noting that the delay in the proceedings resulted solely from Ramos' failure to appear. Additional hearings were conducted through November 7, 2022, at which time the circuit court dismissed the indictment without prejudice. In support of the order, the circuit court determined that the years-long period of inactivity required the matter's removal from the docket. This appeal followed.

---

[1] Kentucky Revised Statutes ("KRS") 520.030.

## STANDARD OF REVIEW

"We review a circuit court's decision to dismiss an indictment for an abuse of discretion." *Commonwealth v. Grider*, 390 S.W.3d 803, 817 (Ky. App. 2012) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

The Commonwealth argues that the Jefferson Circuit Court erred in dismissing the indictment over the Commonwealth's objection. While acknowledging the circuit court's concern that this matter has been on the active docket for several years, the Commonwealth argues that the delay results from Ramos being unable or unwilling to appear and that this is not a proper basis for dismissal. It contends that this Court has previously held that, based on the Separation of Powers doctrine, Kentucky's trial courts do not have the authority to dismiss indictments over the Commonwealth's objection before trial. Citing *Grider*, 390 S.W.3d at 817-18, and related case law, the Commonwealth argues that the Legislature has the constitutional authority to enact statutes governing criminal offenses; the Executive branch may prosecute the accused; and the Judiciary is vested with authority to adjudicate the criminal proceedings. Pursuant to this scheme, the Commonwealth argues that a trial court may only dismiss an

indictment in extraordinary circumstances such as insufficiency of the indictment or prosecutorial misconduct.  As these limited exceptions are not present in the instant case, the Commonwealth argues that the circuit court exceeded its authority in dismissing the indictment over the Commonwealth's objection.

A panel of this Court stated in *Grider*, *supra*, that:

> The Kentucky Supreme Court has stated that the Kentucky Constitution provides for the separation of powers:
>
> > The power to define crimes and establish the range of penalties for each crime resides in the legislative branch.  The power to charge persons with crimes and to prosecute those charges belongs to the executive department, and by statute, is exercised by the appropriate prosecuting attorney.  The power to conduct criminal trials, to adjudicate guilt and to impose sentences within the penalty range prescribed by the legislature belongs to the judicial department.
>
> *Gibson v. Commonwealth*, 291 S.W.3d 686, 689-90 (Ky. 2009).  Further, "subject to rare exceptions usually related to a defendant's claim of a denial of the right to a speedy trial, the trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away *before trial* a prosecution based on a good indictment." *Gibson*, 291 S.W.3d at 690 (internal quotation marks omitted) (emphasis added).
>
> > There are a variety of situations which may result in a dismissal of a criminal case under circumstances which, against the wishes of the Commonwealth, preclude further

-4-

adjudication and are, in effect, a dismissal "with prejudice." These include the violations of the right to a speedy trial and the mistrials that occur after jeopardy attaches. In *Commonwealth v. Baker*, [11 S.W.3d 585, 590 (Ky. App. 2000)], our Court of Appeals recognized that "outrageous government conduct could taint evidence irrevocably, or prejudice a defendant's case on the merits such that notions of due process and fundamental fairness would preclude reindictment."

*Grider*, 390 S.W.3d at 817-18 (citation omitted).

Thus, the circuit court has no authority to dismiss an indictment over the Commonwealth's objection prior to trial, absent a violation of the right to a speedy trial, a mistrial that occurs after jeopardy attaches, outrageous governmental conduct that irrevocably taints evidence or violates due process and fundamental fairness, or other limited exceptions. *Id.*

The question for our consideration, then, is whether one of these exceptions is found in the present case. We conclude that no such exception is present. While it is true that the matter has been languishing for six or seven years, this delay cannot reasonably be said to violate Ramos' right to a speedy trial as it is Ramos who has absented himself from the proceedings. In addition, no mistrial has occurred and no outrageous governmental conduct has been alleged. Finally, none of the other exceptions are present, such as a faulty indictment or a defect in the grand jury proceeding. As such, the general rule set out in *Gibson* is

-5-

controlling: "the trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away *before trial* a prosecution based on a good indictment." *Gibson*, 291 S.W.3d at 690 (emphasis in original).

Further, and as noted by the Commonwealth, in *Kelly v. Commonwealth*, 554 S.W.3d 854, 859 (Ky. 2018), the Kentucky Supreme Court addressed the means for handling fugitive cases so as not to overburden a trial court's docket. *Kelly* noted that the case management system allows for such cases to be administratively closed, and subsequently reopened when a bench warrant was served and the defendant was made to appear.

We must also address Kentucky Rules of Criminal Procedure ("RCr") 13.03, which *Kelly* implicitly referenced. It states that,

> At least once each year trial courts shall review all pending criminal actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing without prejudice each case in which no answer or an insufficient answer to the notice is made. This rule shall not apply to cases where the trial court has issued an arrest warrant based on the defendant's failure to appear in the case.

RCr 13.03 is mandatory, although it is not universally utilized throughout the Commonwealth. It directs courts to review their criminal dockets

and consider dismissal of inactive criminal cases without prejudice. Permitting dismissal without prejudice maintains the balance under the Separation of Powers doctrine noted above. The courts could clear out old cases involving unexplained delay, but the Commonwealth could still re-indict the defendant.

Since no warrant was issued for Ramos' arrest, RCr 13.03 required the circuit court to give notice of an intent to dismiss and give the parties an opportunity to show cause why the case should not be dismissed. Arguably, the circuit court complied with this requirement.

The circuit court having met this requirement, the burden then rested with the Commonwealth to show cause why the case should not be dismissed. The circumstances of this case are that all delay has been due to the consequences of the defendant's actions, which made him unavailable for many years. These circumstances first led to a delay in charging the defendant for an alleged escape, followed by a separate delay in proceeding with the prosecution of the case. The Commonwealth showed good cause.

## CONCLUSION

A circuit court is vested with broad discretion in managing its own docket. *Smith v. Commonwealth*, 481 S.W.3d 510, 514 (Ky. App. 2016). That discretion is not without limitation, however, and is subject to the court's authority set out in the Kentucky Constitution, *Grider*, *supra*, and RCr 13.03. Per *Grider*

and *English*, we conclude that the Jefferson Circuit Court's dismissal of the indictment constitutes an abuse of discretion since none of the limited exceptions are present, and the Commonwealth showed good cause why the indictment should not be dismissed. Accordingly, we reverse the order on appeal and remand the matter to the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Daniel Cameron
Attorney General of Kentucky

Jason B. Moore
Special Assistant Attorney General
Louisville, Kentucky