Lisa VAUGHN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

and

Eric Banks, Appellant,

v.

Commonwealth of Kentucky, Appellee.

and

Andre Alexander James, Appellant,

v.

Commonwealth of Kentucky, Appellee.

Nos. 2010–CA–001698–MR, 2010–CA–002173–MR, 2011–CA–000392–MR.

Court of Appeals of Kentucky.

Jan. 27, 2012.

Case Ordered Published by Court of Appeals July 6, 2012.

Annie O'Connell, Cicely J. Lambert, Assistant Public Advocates, Louisville, KY, for Appellants.

Jack Conway, Attorney General of Kentucky, Joshua D. Farley, Perry T. Ryan, Assistant Attorney Generals, Frankfort, KY, for Appellee.

Before DIXON, LAMBERT and NICKELL, Judges.

## OPINION

DIXON, Judge:

These three appeals have been designated to be heard together because they involve the resolution of the same legal issue; specifically, whether a trial court may order a defendant to pay restitution to the Kentucky State Treasury for extradition expenses incurred by the Commonwealth. We have elected to dispose of these three appeals in one opinion, and we conclude the courts below erred as a matter of law.

Appellant Vaughn and Appellant Banks each failed to appear for probation revocation hearings on their respective cases in Jefferson Circuit Court. Appellant James failed to appear for final sentencing after he entered a guilty plea in Jefferson Circuit Court. All three Appellants absconded to other jurisdictions, and the Commonwealth ultimately had each of them extradited to Kentucky. In each case, the Commonwealth moved the trial court to order payment of restitution to the Kentucky State Treasury as reimbursement for extradition expenses. Over the objection of each Appellant, restitution was ordered in each case.[1] These appeals followed.

The Appellants contend that the courts below erroneously applied the restitution statutes, as the statutory scheme does not authorize a trial court to impose restitution for extradition expenses. In light of Appellants' argument, the Commonwealth concedes all three restitution orders were erroneous as a matter of law. We review a lower court's interpretation and application of a statute *de novo*. *Richardson v. Louisville/Jefferson County Metro Gov't*, 260 S.W.3d 777, 779 (Ky. 2008).

In *Commonwealth v. Bailey*, 721 S.W.2d 706, 707 (Ky.1986), the court explained that the purpose of restitution is not an "additional punishment exacted by the criminal justice system.... It is merely a system designed to restore property or the value thereof to the victim." KRS 532.032 and KRS 532.033 vest the trial

---

1. Appellant Vaughn was ordered to pay $1,955.12. Appellant Banks was ordered to pay $767.15. Appellant James was ordered to pay $2,108.63.

court with the authority to establish and enforce an order of restitution. KRS 532.350(1)(a) defines restitution to include "any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act[.]"

Under the circumstances presented here, the Commonwealth simply was not a victim who suffered a loss as a result of criminal acts committed by the Appellants; consequently, the trial courts were without statutory authority to order the Appellants to pay restitution to the Kentucky State Treasury for extradition expenses. *See* KRS 532.350(1)(a).

The Appellants additionally point out that the extradition statute, KRS 440.090, specifically provides that a government agent may seek compensation from the "State Treasury" for expenses involved "in reclaiming and returning the fugitive" to Kentucky. Notably, the extradition statute does not provide that the fugitive must then repay the Commonwealth for those expenditures.

In each of the three cases on appeal, we conclude the courts below erred as a matter of law by ordering restitution for the extradition expenses incurred by the Commonwealth. In each case, we vacate the portion of the judgment which orders restitution for extradition expenses and remand for further proceedings consistent with this opinion.

ALL CONCUR.