**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Charlotte M. JONES, Appellee.**

No. 2012–SC–000144–DG.

Supreme Court of Kentucky.

Aug. 29, 2013.

Jack Conway, Attorney General, Dorislee J. Gilbert, Special Assistant Attorney General, for Appellant.

Jeffrey Skora, Tricia Frances Lister, for Appellee.

Larry David Simon, for Amicus Curiae, the Kentucky Association of Criminal Defense Lawyers.

Opinion of the Court by Justice CUNNINGHAM.

This appeal concerns the voided felony conviction of Appellee, Charlotte M. Jones. In 1992, in the Jefferson Circuit Court, Jones pled guilty to illegal possession of a controlled substance in the first degree, a Class D felony. The trial court sentenced Jones to three years imprisonment, probated for five years. Jones remained free from any further criminal charges and successfully completed probation.

In 2010, Jones moved for the trial court to expunge the record of her felony conviction. The Commonwealth objected and a hearing on the matter was conducted.

The trial court acknowledged that it lacked statutory authority under either KRS 431.076 or KRS 431.078 to expunge the felony conviction. Jones then moved for the trial court to void her conviction pursuant to KRS 218A.275, which the Commonwealth did not oppose. An Order Voiding Conviction was entered in the Jefferson Circuit Court on June 14, 2010.

Thereafter, Jones moved for the trial court to expunge the newly voided felony conviction. The Commonwealth opposed the motion on the grounds that neither KRS 431.076 nor KRS 431.078 provide for expungement of *voided* felony convictions. The Commonwealth also argued that it was necessary to maintain records of voided convictions in order to ensure that voiding of convictions was available only to first-time offenders. However, the trial court believed Jones was exceptionally deserving and utilized CR 60.02(f), which permits a court to relieve a party from its final judgment for any reason of an extraordinary nature that justifies such relief, to expunge her record.

The Court of Appeals disagreed with the trial court's use of CR 60.02(f), but nevertheless affirmed the trial court's order of expungement. The Court of Appeals noted that KRS 431.076 does not expressly allow for the expungement of avoided felony conviction. Even so, the Court of Appeals reasoned that Jones's voided conviction amounted to the underlying charge being dismissed with prejudice, thereby qualifying for expungement pursuant to KRS 431.076. We granted discretionary review.

Whether a felony conviction voided under KRS 218A.275 qualifies for expungement pursuant to KRS 431.076 is an issue of first impression. When faced with issues of statutory interpretation, we "must interpret the statute according to the plain meaning of the act and in accor-

dance with the legislative intent." *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky.2002) (citing *Commonwealth v. Montaque*, 23 S.W.3d 629 (Ky.2000)). "The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language: '[r]esort must be had first to the words, which are decisive if they are clear.' " *Stephenson v. Woodward*, 182 S.W.3d 162, 169–170 (Ky.2005) (quoting *Gateway Construction Company v. Wallbaum*, 356 S.W.2d 247, 249 (Ky.1962)).

■ KRS 218A.275 (amended 2011) allows for the voiding of first-time possessory drug convictions. The pertinent part of the statute in effect at the time of the trial court's order states as follows:

> (9) In the case of any person who has been convicted for the first time of possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence, and issue to the person a certificate to that effect. A conviction voided under this subsection shall not be deemed a first offense for purposes of this chapter or deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Voiding of a conviction under the subsection and dismissal may occur only once with respect to any person.

In addition, the applicable expungement statute, KRS 431.076 (amended 2013), states the following:

> (1) A person who has been charged with a criminal offense and who has been found not guilty of the offense, or against whom charges have been dismissed with prejudice, and not in exchange for a guilty plea to another offense, may make a motion, in the District or Circuit Court in which the charges were filed, to expunge all records including, but not limited to, arrest records, fingerprints, photographs, index references, or other data, whether in documentary or electronic form, relating to the arrest, charge, or other matters arising out of the arrest or charge.

As the statutory language of KRS 431.076 clearly details, Jones's possession charge qualifies for expungement if the following two requirements are satisfied: (1) Jones is "[a] person who has been charged with a criminal offense"; and (2) those charges were subsequently "dismissed with prejudice, and not in exchange for a guilty plea to another offense."

The first requirement of KRS 431.076 is arguably met. Jones was charged with possession eighteen years prior to her motion for expungement. Therefore, Jones is technically "[a] person who has been charged with a criminal offense." However, this language can also be interpreted to mean that KRS 431.076 only applies to pre-conviction situations. Case law dealing with KRS 431.076 certainly distinguishes between those charged with a crime and those actually convicted of a crime. With the exception of a conviction that was ultimately overturned on appeal, we cannot find any Kentucky decisions that interpret KRS 431.076 to apply to actual convictions. *See Hermansen v. Commonwealth*, 2008–CA–001038–MR, 2009 WL 723056 (Ky.App. Mar. 20, 2009). Rather, the vast majority of cases interpreting KRS 431.076 have dealt with the expungement of charges that were successfully diverted. *See, e.g., Commonwealth v. Shouse*, 183 S.W.3d 204 (Ky.App. 2006) (holding that charges that are "dismissed-diverted" under KRS 533.258(1) qualify for expungement under KRS 431.076). Nonetheless, we believe Jones meets the literal definition of "[a] person

who has been charged with a criminal offense."

The true inquiry is whether the voiding of Jones's conviction is the same as her "charges [being] dismissed with prejudice." There is one notable similarity between a felony charge that is dismissed with prejudice and a conviction that is voided pursuant to KRS 218A.275. Neither avoided conviction nor a charge dismissed with prejudice may be used to render a subsequent charge a second offense. *See* KRS 218A.275(8). We also note that the bar against double jeopardy would prohibit further prosecution of Jones's conviction if it was voided pursuant to KRS 218A.275. *See* U.S. Const. Amend. X, XIV; Ky. Const. § 13.

Despite this similarity, we must still focus on the plain language of the statute, giving words their ordinary meaning. *Plowman*, 86 S.W.3d at 49. The term "void" is defined as that which has "no legal force or binding effect." *Black's Law Dictionary*, 1573 (9th ed.2009). It follows, therefore, that Jones's conviction is legally null upon the voiding of her conviction. This does not mean, however, that Jones's conviction was *void ab initio*. Rather, the final judgment adjudicating Jones's guilt was valid for almost eighteen years. It was not until Jones's successful completion of her sentence that the judgment became voidable. On the other hand, when charges are "dismissed with prejudice" they are removed from the court's docket in such a way that no conviction has ever taken place.

Obviously, these two legal terms have separate meanings and applications. Neither term can be used interchangeably. More importantly, and what leads us to our ultimate conclusion, a voided conviction requires a once valid conviction, while the dismissal of one's charges does not.

Furthermore, we find no indication that the legislature intended that avoided conviction be tantamount to a charge dismissed, with prejudice. The legislature failed to use the term "expungement" or "dismissed with prejudice" in its formulation of KRS 218A.275. *Compare* KRS 510.300; KRS 440.450. Nor do KRS 218A.275 and KRS 431.076 reference one another. *Compare* KRS 431.076; KRS 17.142(4). Our job is "not to guess what the Legislature may have intended but did not express." *Commonwealth v. Gaitherwright*, 70 S.W.3d 411, 414 (Ky.2002) (citing *Gateway*, 356 S.W.2d at 249). Consequently, we do not believe the language of either statute equates voiding a conviction to dismissing the charge with prejudice.

We also notice that the legislature used the following language in its formulation of KRS 218A.275: "Voiding of a conviction under the subsection and dismissal may occur once with respect to any person." Implicit in the purpose of these words is the need for a permanent record of the conviction voided so as to safeguard this restriction. Expungement would run counter to this purpose and was not intended by the legislature. *See* KRS 218A.275 (9)-(11) (voided convictions may be sealed, which still allows for the Commonwealth to inspect the records upon its motion); *compare* KRS 431.076(7) (Inspection of the expunged records is "permitted by the court only upon petition by the person who is the subject of the records and only to those persons named in the petition.").

We acknowledge that the legislature intended to treat first-time possessory drug convictions differently than other felony convictions. While it is unfortunate that Jones, a woman who has clearly turned her life around, cannot obtain an expungement of her record, we are bound by the

words of the legislature. We cannot circumvent the plain language of KRS 431.076 and grant Jones legislative leniency where none is provided.

■■■ Since we have determined that the trial court lacked statutory authority to expunge Jones's conviction, we also find that its use of the catch-all provision found in CR 60.02(f), over the Commonwealth's objection, was error. Absent extraordinary circumstances, which are proven or agreed to by the Commonwealth, the courts of this Commonwealth do not have authority to expunge criminal records absent statutory authority. *See Commonwealth v. Holloway*, 225 S.W.3d 404, 406–07 (Ky.App.2007) ("[A] court can use its inherent powers to expunge a record in instances of extraordinary circumstances, such as illegal prosecutions, arrests under unconstitutional statutes, or where necessary to vindicate constitutional or statutory rights." (citing *U.S. v. Gillock*, 771 F.Supp. 904, 908 (W.D.Tenn.1991))). Such a provision might be utilized if the Commonwealth concedes that "extraordinary circumstances" exist. Here, the Commonwealth objected.

In the case before us, the trial court derived its power to expunge Jones's record by statute. To allow trial courts to use CR 60.02(f) as a vehicle to expunge the records of criminals, where the statute does not allow expungement and the Commonwealth objects, would indubitably run afoul of the separation of powers doctrine. *See* Ky. Const. § 27, 28.

For the aforementioned reasons, we hold that the trial court lacked authority under KRS 431.076 to expunge Jones's conviction which was previously voided pursuant to KRS 218A.275. Therefore, we reverse the opinion of the Court of Appeals and the Jefferson Circuit Court's order of expungement.

MINTON, C.J., ABRARRISON, SCOTT and VENTERS, JJ., concur.

NOBLE, J., dissents by separate opinion.

KELLER, J., not sitting.

NOBLE, J., Dissenting:

The majority holds that a criminal record related to a conviction voided under the 2010 version of KRS 218A.275 cannot be expunged under KRS 431.076. To reach this conclusion, the majority finds that the voided conviction is still a conviction, and therefore does not meet the requirement that the charges be dismissed with prejudice (or result in an acquittal). That is, on its face, a contradiction in terms, as that which is void has "no legal force or binding effect," *Black's Law Dictionary* 1573 (6th ed.1990), or is "null," *Black's Law Dictionary* (9th ed.2009), and a person whose conviction is voided under 218A.275 cannot be re-prosecuted. That is the equivalent of a dismissal with prejudice, at the very least. For that reason, I dissent.

In 2010, Appellee had her conviction voided under KRS 218A.275. At that time and when Appellee later moved for expungement, KRS 218A.275 provided that when a person has been convicted of possession of a controlled substance for the first time and has satisfactorily completed probation, the conviction could be voided, and the voided conviction "shall not be deemed a conviction for purposes of disqualifications or disabilities" that would normally exist because of that person having been convicted of a crime. This provision was in subsection 9 of the statute. In 2011 and 2012, the statute was amended. Among other changes, subsection (9) was

renumbered as subsection 8,[1] and new subsections, 9 to 12, were added (these will be discussed further later). This case arises under the 2010 version of the statute.

KRS 431.076, the felony expungement statute,[2] applies to charges that have been dismissed with prejudice or have resulted in acquittals. A felony conviction *disqualifies* a defendant from expungement of that offense. Appellee Jones was convicted of a felony offense, possession of a controlled substance. Under the expungement statute, it thus appears that she is disqualified from expungement.

But KRS 218.275(9) (2010) plainly says that this particular conviction, which was her *first* (and only) conviction for drug possession *cannot* be used for "purposes of disqualification ... imposed by law" if the trial court orders it voided, because "it shall not be ... deemed a conviction." In other words, the voided conviction can have *no* legal effect, including disqualifying Appellee from taking advantage of the expungement statute.

Thus the majority's argument that Appellee *was* as at one point in time convicted simply does not matter for an offense that has been voided pursuant to KRS 218A.275(9) (2010). This statute contemplates that if a trial court decides to void the conviction, the conviction cannot be used against the defendant in any way. Moreover, the defendant cannot be re-prosecuted, as conceded by the Commonwealth. Because the charge cannot now be prosecuted, and the conviction has been undone, the charge has been dismissed with prejudice. *See Gibson v. Commonwealth*, 291 S.W.3d 686, 688 (Ky.2009) (defining "dismissed with prejudice" as "re-

moved from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim or claims" (quoting *Black's Law Dictionary* 503 (8th ed.2004))).

By entering the order voiding the conviction under KRS 218A.275, the trial court effectively dismissed the charge against Appellee for all subsequent legal purposes, including retrial on the charges. At the time of a motion to void, the trial court takes proof on the fact that the conviction was the defendant's first for drug possession, and has to make that finding before the conviction may be voided. The court on a subsequent expungement motion must rely on—indeed, is *bound* by—that finding.

Granted, there is a question as to how the trial court on the motion to void could be sure that this is a *first offense* drug possession if the record is expunged. In most expungement cases, this is not a problem because the multiplicity of offenses for enhancement purposes, or for voiding purposes, is not an issue if the cases have been dismissed with prejudice or resulted in acquittal. Nonetheless, this was a problem created by the language of KRS 218A.275(9) (2010), which said that a voided conviction is not a conviction. Even so, the issue can be adequately addressed by taking testimony from the defendant and other prosecutorial records. While an occasional misuse *could* occur, it is not likely that it often will. (More importantly, the statute has now been amended to allow a prosecutor "to verify a defendant's eligibility to have his or her conviction voided" by looking into the sealed records. KRS 218A.275(11).)

---

1. In 2011, the statute was made to apply only to misdemeanor offenses. In 2012, this limit was removed, returning the statute to its current status, i.e., as applying to all first-time possession offenses not covered by KRS 218A.276.

2. Another expungement statute, KRS 431.078, applies to misdemeanors and violations.

But the issue before us is the effect of a voided conviction on an expungement motion, not whether the legislature could have better protected against misuse. It is not our job to rewrite the statutes or to legislate for the legislature. And what the legislature *has* said is that a voided conviction under KRS 218A.275(9) (2010) *shall not* be used as a conviction to disqualify the first-time drug possessor, whose conviction has been voided, from any legal considerations. Thus the fact that the Appellee was at one time convicted has no legal effect, and cannot prevent an expungement.

By way of analogy, a person cleared on a murder charge by the Innocence Project through the use of DNA has also been convicted, and often has actually served a portion of the sentence. When the case against him is ended, the court sets aside (voids) his conviction and enters an order of dismissal with prejudice, much like what occurs under a KRS 218A.275(8) voiding. There is no question that his conviction can be expunged. There is no functional difference here.

In this instance, the court entered an order voiding the conviction. This is in fact more than a dismissal, but certainly subsumes a dismissal, the same as the dismissal for the defendant exonerated by DNA: the charge cannot again be raised, and it has no legal force or binding effect. Both the murder defendant and the Appellee, by operation of law, are treated as acquitted. The murder defendant is not guilty because the evidence proved he did not commit the crime. For Appellee, even though she also was charged and convicted, it is as if she had never been tried, because the statute says her offense may not be deemed a conviction and she cannot be retried. The case is over. If there is no conviction and can never be one, then there is perforce an acquittal or dismissal.

The fact that at one point in time there may have been a conviction in no way prevents the legislature from establishing the situation where that conviction does not count. In fact, that is exactly what KRS 218A.275(9) (2010) did. The clear intent of the statute was to allow a trial court to void a conviction so that, under the specific circumstances allowed by the statute, that conviction cannot be used against the defendant. Carrying that conviction on a permanent record does indeed use the conviction against the defendant, not only for subsequent prosecutorial purposes, but also for future employment. The clear rehabilitative intent of KRS 218A.275(9) (2010) to allow a clean slate for first time drug possessors whose convictions are voided is thwarted by a failure to allow expungement of that conviction.

The trial court has retrospectively found Appellee to not have a conviction under the limited circumstance allowed by the statute. The fact that the word "void" is used instead of "not guilty" or "dismissed with prejudice" is not a sound reason to elevate form over substance to such an extreme degree as to make the privilege granted by KRS 218A.275(9) (2010) meaningless.

For all intents and purposes, when her conviction was voided Appellee was acquitted of her first-offense drug possession, and voiding the conviction has the same legal effect as a dismissal with prejudice, because she cannot be twice convicted of the same offense. It is simply hypertechnical to parse the language in the expungement statute in such a way as to disallow expungement in this situation.

That this is obviously true, and the intent of the legislature is convincingly established by the amendments to KRS 218A.275, which went into effect in 2011.

The language in KRS 218A.275(9) (2010) is now subsection 8.

Four new subsections have been added which show what was intended all along. The new subsection 9 now says that if a court voids a conviction under this statute, the court shall also seal all records in the custody of the court, including the records of other agencies. 218A.275(9). The Administrative Office of the Courts must provide the form order for the court to use. Every agency that is ordered to seal these records must certify to the court within 60 days that they have done so. *Id.*

Subsection 10 clearly provides that after sealing the record, the proceedings in the matter *shall not be used against the defendant* except for purposes of assuring that a defendant cannot "cheat" the system by trying to get another drug possession voided as a first time offense at some later date. 218A.275(10). As to any other questions about the voided conviction, the trial court and all agencies must reply "that no record exists on the matter," *id.,* which is exactly what happens under the expungement statute, *see* KRS 431.076(4). The person whose conviction has been voided "shall not have to disclose" the fact of the record on any application. 218A.275(10).

Subsection 11 sets forth when a court may allow inspection of the sealed records. 218A.275(11). And Subsection 12 says that a person who has had a possession charge dismissed after diversion is not eligible under this statute. 218A.275(12).

This is an unusual situation where the legislature has made it strikingly clear what its intent for this statute was by amendments made before this case came to us for decision. A legislature's subsequent enactment or amendment can clarify the meaning of an earlier version of a statute. *See Kotila v. Commonwealth,* 114 S.W.3d 226, 238 (Ky.2003), *abrogated on other grounds by Matheney v. Commonwealth,* 191 S.W.3d 599 (Ky.2006) (discussing multiple cases holding the same); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 254, 330 (2012). While there may still be some difficulties in ascertaining whether a defendant has previously had an offense voided, the legislature has accepted that possibility, and proscribed what it deems to be an adequate process to further its rehabilitative intent toward first time possessors and provide some limited means for a records check to avoid duplication.

The majority opinion would result in persons, in the same situation as defendants under the new version of the statute, having their record of conviction remain accessible while those under the new version would not. In 2010, the only way to carry out legislative intent under KRS 218A.275(9) (2010) was to recognize that a voided conviction is dismissed with prejudice and expunge the record.

Henceforth, the issue in this case does not exist, because the amendments to the statute have addressed the problem. Consequently, I would affirm the Court of Appeals and the trial court.