LAMBERT, J., JUDGE:
Randall Southerland appeals from the July 6, 2017, order of the Hopkins Circuit Court denying his motion to expunge his 1994 felony conviction. We affirm.
Southerland entered a plea of guilty to Hopkins Circuit Court Indictment No. 93-CR-00191 on January 6, 1994, and was convicted of trafficking in a controlled substance in or near school (Kentucky Revised Statute (KRS) 218A.1411 ). On February 15, 1994, Southerland's one-year sentence was conditionally discharged for three years, and Southerland was ordered to make restitution in the sum of $695.00 to the Pennyrile Narcotics Task Force. Southerland was released from probation on May 20, 1996.
On May 25, 2017, Southerland filed a motion to amend/expunge felony record pursuant to KRS 431.073. The Commonwealth responded within a week, and the matter appeared on the motion hour docket of June 5, 2017, although there was no video recording or any documentation made of that event other than it being entered in the case history. The following month, the Hopkins Circuit Court entered its order denying the motion, simply stating: "The Court having reviewed the defendant's Motion for Expungement and memoranda in support thereof and the Commonwealth's Response thereto and being in all respects duly and sufficiently advised, hereby Order[s] that the defendant's Motion is Denied." Southerland filed a timely notice of appeal.
Southerland concedes that his conviction does not appear on the list of Class D Felony eligible offenses enumerated in KRS 431.073(1). However, he urges this Court, as he did the Hopkins Circuit Court, to exercise its discretion and order the conviction expunged. As support for this argument, Southerland cites Commonwealth v. Holloway , 225 S.W.3d 404, 406-07 (Ky. App. 2007) ("[A] court can use its inherent powers to expunge a record in instances of extraordinary circumstances, such as illegal prosecutions, arrests under unconstitutional statutes, or where necessary to vindicate constitutional or statutory rights."). In the alternative, Southerland requests that the matter be remanded for written findings of fact pursuant to KRS 431.073(4)(a)-(c). We decline to grant either of those requests for relief.
We initially note that Southerland failed to attach to his application an "Expungement Eligibility Certification Notice" from the Kentucky State Police, required by KRS 431.079(1). Furthermore, KRS 431.073(4)(a) specifically excludes Southerland from seeking expungement since he had "previously had a felony conviction vacated and the record expunged pursuant to this section" of a 2012 conviction. Southerland cannot seek a second expungement.
The circuit court lacked statutory authority to expunge Southerland's conviction. Commonwealth v. Jones , 406 S.W.3d 857, 861 (Ky. 2013). " '[W]here the language of a statute is clear and unambiguous on its face, we are not free to construe *167 it otherwise even though such construction might be more in keeping with the statute's apparent purpose." ' Commonwealth v. Ford , 543 S.W.3d 579, 581 (Ky. App. 2018) (citing MPM Fin. Grp., Inc. v. Morton , 289 S.W.3d 193, 197 (Ky. 2009) ).
The order of the Hopkins Circuit Court is affirmed.
ALL CONCUR.