RENDERED: JULY 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0472-MR

RACHAEL BROOKS APPELLANT

v.
APPEAL FROM FULTON CIRCUIT COURT
HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 16-CR-00096

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND McNEILL, JUDGES.

CETRULO, JUDGE: This is an appeal from an order revoking the probation of

Rachael Brooks ("Brooks"). Also appealed are orders of the trial court requiring

Brooks to pay jail fees and reimburse the Commonwealth for extradition costs

from Oregon to Kentucky. For the reasons set forth below, we affirm in part,

reverse in part, and remand.

Brooks pled guilty in December 2016 to three theft counts and received a sentence of up to 15 years, which was probated for five years. The conditions of her probation included, among other things, that she commit no new offenses during the probation period, not possess or consume drugs, report as directed to probation, remain in Kentucky, notify the officer of any change in address, undergo mandatory drug screenings, and complete recommended treatment.

Within two months, in February 2017, Brooks was arrested in Tennessee for a failure to appear for court in Kentucky. While she was incarcerated, she was found to have concealed crystal methamphetamine and brought it into the detention facility. She was charged with a felony offense in Tennessee. She served approximately 11 months there, before being transferred back to Fulton County for a probation revocation hearing in January 2018. At that hearing, the trial court did not revoke her probation, but held that determination in abeyance to allow Brooks to return to a drug treatment center in Tennessee.

However, in March 2018, Brooks was arrested and charged with another felony offense of trafficking in methamphetamine and a misdemeanor offense of possession of marijuana. At that point, her probation was revoked, but she was granted shock probation to attend a second substance abuse treatment

program, in part, because she was pregnant. The original order of probation was reinstated.

Three years later, in 2021, probation and parole filed another report of violations by Brooks. At that point, Brooks was living in Oregon. While a summons was issued for her to appear in Fulton County, it was acknowledged in open court that it may not have been served, and she did not initially appear. Thereafter, a warrant was issued for her arrest, and Brooks agreed to be extradited to Kentucky for a probation revocation hearing in March 2022. Before that hearing, probation and parole again generated a report detailing several violations by Brooks, including absconding supervision, failing to report, failing to attend substance abuse treatment, a recent arrest, and charges for driving under the influence ("DUI"), resisting arrest, and a hit and run. A supplemental report advised of a conviction and sentence for the DUI in Oregon.

A probation revocation hearing was conducted on March 8, 2022, and Brooks was appointed a public defender. She admitted to committing the violations listed by the probation officer, but spoke of the difficulties of being an addict, living with mental illness, and her desire to be near her young son in Oregon. After considering the evidence, the trial court found Brooks had violated the conditions of her probation and revoked the same, sentencing her to serve the initial 15 years. It is not lost on this Court that the revocation hearing was held

more than three months after the original probationary period would have expired on the 2016 guilty plea.

This appeal followed, and Brooks presents three arguments on appeal. First, she asserts that the trial court erred by imposing jail fees without evidence that there was a jail reimbursement policy in place, as required by several appellate court decisions. Secondly, she maintains that the trial court erred in ordering reimbursement of extradition expenses, which has also been addressed and found improper, by prior decisions of the Kentucky Supreme Court. Thirdly, she argues that the trial court abused its discretion by revoking her probation without evidence or a specific finding that she was a significant risk to the community at large.

As to the first argument, we easily find error. In its response brief, the Commonwealth agrees that the jail fee issue should be remanded for presentation of some evidence of a jail fee reimbursement policy pursuant to the Supreme Court opinion in *Capstraw v. Commonwealth*, 641 S.W.3d 148 (Ky. 2022).[1] We need not discuss that error further and so remand on that issue.

Similarly, as to the second argument regarding extradition expenses, the Commonwealth again agrees that the law is well-settled that trial courts are

---

[1] *See also Frazier v. Commonwealth*, No. 2022-CA-0484-MR, 2023 WL 1485344 (Ky. App. Feb. 3, 2023); *Daniels v. Commonwealth*, No. 2022-CA-0212-MR, 2022 WL 17724283 (Ky. App. Dec. 16, 2022); *Campbell v. Commonwealth*, No. 2020-CA-0690-MR, 2021 WL 1051590 (Ky. App. Mar. 19, 2021); *Marks v. Commonwealth*, 555 S.W.3d 462, 468 (Ky. App. 2018).

*without statutory authority to order a criminal defendant to pay restitution* to the state treasury for expenses of extradition. *Vaughn v. Commonwealth*, 371 S.W.3d 784, 786 (Ky. 2012) (emphasis added).[2] We reverse on that issue.

Finally, Brooks, citing *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. App. 2015), argues that Kentucky Revised Statute ("KRS") 439.3106 requires trial courts to specifically find whether a probationer constitutes a significant risk to the community at large or to prior victims. Brooks correctly argues that KRS 439.3106 emphasizes rehabilitation over incarceration. *Helms*, 475 S.W.3d at 641. However, we disagree that, here, the statutory requirements were not met.

> The first step in analyzing a probation revocation claim is to determine whether the trial court properly considered KRS 439.3106(1) before revoking the defendant's probation. [*Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014)]. If the trial court considered the statute, we then review whether its decision to revoke probation was an abuse of discretion. *Id.* Accordingly, "we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

*Commonwealth v. Gilmore*, 587 S.W.3d 627, 629 (Ky. 2019).

Here, the trial court referenced the statute and considered lesser alternatives to imprisonment throughout Brooks' case. The trial court granted

---

[2] *See also Culver v. Commonwealth*, No. 2019-CA-000209-MR, 2020 WL 1074785, at *2-3 (Ky. App. Mar. 6, 2020).

shock probation for a prior violation. The trial court did not use the exact wording "significant risk" to society, but did specifically state that Brooks demonstrated violence by being charged and convicted of DUI and that she was a "danger to others." The trial court's finding was clear that her conduct endangered the community at large. As *Helms* explained, there must be proof by a preponderance of evidence of a violation and evidence that the statutory criteria have been met. *Helms*, 475 S.W.3d at 645. Here, the proof established – through witness testimony, written documentation, and Brooks' own admissions – that she was a significant risk to the community. We do not find the trial court abused its discretion in revoking the probation and on that point, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky