RENDERED: APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0609-MR

DERICK BARNETT                                                    APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE ANGELA McCORMICK BISIG, JUDGE
                        ACTION NO. 20-CR-001063

COMMONWEALTH OF KENTUCKY                              APPELLEE

AND

NO. 2022-CA-0886-MR

DERICK BARNETT                                                        APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE ANGELA McCORMICK BISIG, JUDGE
                        ACTION NO. 20-CR-001063

COMMONWEALTH OF KENTUCKY                              APPELLEE

## OPINION
## AFFIRMING IN PART, VACATING IN PART,
## AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, KAREM, AND MᴄNEILL, JUDGES.

MᴄNEILL, JUDGE: Appellant, Derick J. Barnett (Barnett), was convicted of flagrant nonsupport for failing to pay child support arrearages. He was sentenced to serve two years and six months' imprisonment, probated for five years. Barnett was subsequently ordered to pay $106,025.62 in restitution, which constituted his total delinquent balance at the time. Two separate appeals were filed, one from the criminal conviction, and one from the restitution order. These cases have been consolidated and both matters are addressed herein. Barnett raises the following four arguments: 1) the trial court erred in denying his motion for a directed verdict; 2) the jury verdict was not unanimous; 3) his due process rights were violated as a result of the Commonwealth's unreasonable and prejudicial pre-indictment delay; and 4) the court abused its discretion by ordering restitution. For the following reasons, we affirm in part, vacate in part, and remand.

We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)) (emphasis added).

When ruling on a directed verdict motion, the trial court must assume that the Commonwealth's evidence is true. *Id.* Our review is confined to the proof at trial and the statutory elements of the alleged offense. *See Lawton v. Commonwealth*, 354 S.W.3d 565, 575 (Ky. 2011). Pursuant to the most current version of KRS[1] 530.050(2), for a jury to find a defendant guilty of flagrant nonsupport, the Commonwealth must prove beyond a reasonable doubt that the defendant:

> persistently fails to provide support which he or she can **reasonably provide** and which the person knows he or she has a duty to provide by virtue of a court or administrative order to a minor, a child adjudged mentally disabled, an indigent spouse, or indigent parent, and the failure results in:
>
> (a) An arrearage of not less than two thousand five hundred dollars ($2,500); **or**
>
> (b) Six (6) consecutive months without payment of support[.]

(Emphasis added.) In its Appellee brief, the Commonwealth summarizes the Barnett's charges:

> [R]ecords introduced by the Commonwealth reflected that in 2017, Barnett missed eight months' payments. In 2018, Barnett failed to make payments for 11 consecutive months. In 2019, Barnett failed to make payments for 10 consecutive months, missing a total of 11 months' payments. Further, Barnett failed to make payments in either January or February of 2020. As a result of his failure, Barnett's total arrearage, as of February 2020, was $70,472.47.

[1] Kentucky Revised Statutes.

(Internal record citations omitted.) Multiple witnesses testified at trial, including the child's mother, Betty Coleman, and Jim Oxyer, an employee of the Jefferson County Child Support Office. The Commonwealth introduced Barnett's original child support order, the child support worksheet, and an audit of his support payments and arrearages.[2]

Barnett also testified. He stated that he had been incarcerated from approximately 2005 through 2012, and that he was previously arrested five times for flagrant nonsupport. All three witnesses testified concerning Barnett's previous employment. Barnett testified that he worked incrementally in construction between 2017 and 2020. No evidence was presented indicating that Barnett could not work as a result of injury or illness. Rather, there was sufficient evidence presented indicating that Barnett had the capacity to earn an income and, thus, he could have "reasonably provided" the delinquent child support payments. Furthermore, even when omitting consideration of the years he was incarcerated, the evidence presented satisfies also KRS 530.050(2)(a) and (b) – even though only one is required. There was no error in denying Barnett's motion for a directed verdict.

---

[2] The child, D.K.B., is emancipated.

Barnett next argues that the jury instruction was not unanimous, and therefore reversal of his conviction is required. As summarized most recently in *Johnson v. Commonwealth*:

> the Supreme Court of the United States made the Sixth Amendment's guarantee of a unanimous jury applicable to the states via the Fourteenth Amendment. That changed little in the way of Kentucky law since our own constitution also guarantees unanimous jury verdicts. Ky. Const. § 7.

676 S.W.3d 405, 411 (Ky. 2023), *reh'g denied* (Sep. 28, 2023). In the present case, the period in the indictment was September 27, 2004, through February 25, 2020. Barnett's more precise argument here is that the jury instruction was "duplicitous because numerous instances of the crime of nonsupport were presented, yet the jury was only instructed on a single crime." He requests palpable error review pursuant to RCr[3] 10.26. "An error is palpable, we have explained, only if it is clear or plain under current law . . . ." *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009) (internal quotation marks and citation omitted). And in *Sexton v. Commonwealth*, the Kentucky Supreme Court indicated that "reversal is not the universal, essential result of a unanimous verdict error." 647 S.W.3d 227, 232 (Ky. 2022). More recently, the Court overruled several of its previous unanimity cases and held that "[o]nly if, upon review, a court can

---

[3] Kentucky Rules of Criminal Procedure.

conclude the error is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process, will reversal be warranted. It should be so egregious that it jumps off the page . . . and cries out for relief." *Johnson*, 676 S.W.3d at 417 (internal quotation marks and citations omitted). In the absence of controlling authority to the contrary, we cannot conclude that the standard in *Johnson* has been satisfied here. There was no palpable error.

For his next unpreserved argument, Barnett contends that his due process rights were violated as a result of the Commonwealth's unreasonable and prejudicial pre-indictment delay. Barnett essentially argues that he was denied due process because he was not previously tried as a result of his multi-decade delinquency, although he had previously been arrested. Any prior indictments appear to have been dismissed. In any event, "unjustified and prejudicial preindictment delay may constitute a violation of due process and require dismissal." *Kirk v. Commonwealth*, 6 S.W.3d 823, 826 (Ky. 1999). However, "dismissal is required only where there is *both* substantial prejudice *and* an intentional delay to gain tactical advantage." *Id*. (emphasis added). Barnett has not sufficiently demonstrated either element. There is certainly no palpable error here.

Lastly, Barnett argues that the court abused its discretion by ordering restitution. Restitution is governed by KRS 532.032(1), which provides as follows:

> Restitution to a named victim, if there is a named victim, shall be ordered in a manner consistent, insofar as possible, with the provisions of this section and KRS 439.563, 532.033, 533.020, and 533.030 in addition to any other part of the penalty for any offense under this chapter. The provisions of this section shall not be subject to suspension or nonimposition.

We review a trial court's findings regarding restitution for an abuse of discretion. *Bentley v. Commonwealth*, 497 S.W.3d 253, 255 (Ky. App. 2016). The test for abuse of discretion is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Barnett's primary contention is that the victim, Betty Coleman, had already been paid monthly benefits through a social support system called Temporary Assistance for Needy Families (TANF). A similar system referenced during the underlying restitution hearing was the Kentucky Transitional Assistance Program (K-TAP). The child support audit reflects these payments. Pursuant to these programs, the Commonwealth would pay Ms. Coleman during periods in which Barnett was delinquent in his support obligations. Barnett therefore contends that she had no recognizable financial loss necessary to be entitled to

restitution. Otherwise, he asserts that Ms. Coleman would receive the benefit of double recovery. In contrast, we are persuaded by the Commonwealth's assertion that:

> there is no double-recovery to Coleman because Oxyer testified that the child support office was a "flow-through system" and that the Commonwealth would recoup from Barnett the TANF benefit it advanced to Coleman. Kentucky's administrative regulatory scheme is clear that there is no double recovery from a K-TAP benefit. See 921 KAR 1:420. There is no basis for Barnett's claim that Coleman would receive a double recovery.

Furthermore, the cases cited by Barnett are distinguishable. *Compare Vaughn v. Commonwealth*, 371 S.W.3d 784, 786 (Ky. App. 2012) (holding that trial court lacked authority to order defendants to pay restitution to reimburse the Commonwealth for extradition costs) *with Gamble v. Commonwealth*, 293 S.W.3d 406, 410 (Ky. App. 2009) (concluding that money owed for past due child support constitutes "restitution" within the meaning of KRS 532.350(1)).

And although we agree with the Commonwealth as to the merits of this issue, we also acknowledge that the restitution order at issue here omits a payee. Therefore, we vacate the restitution order and remand this case for a new order indicating to whom the support payments are to be paid. *See Compise v. Commonwealth*, 597 S.W.3d 175, 182 (Ky. App. 2020) ("If an order of restitution fails to set forth the provisions required by KRS 532.033, it is appropriate . . . to vacate and remand such an order with instructions for the court to enter a proper

order."). To be clear, the order shall expressly indicate any money designated to be paid to the Commonwealth pursuant to the applicable statutory, regulatory, or other legal dictates. *See* KRS 532.033. Similarly, any funds ordered to be paid directly to Ms. Coleman shall also be denominated.

And since we are remanding, the court may consider whether the $106,025.62 sum exceeds the $100,000.00 cap enumerated in KRS 533.030(3). *See Jones v. Commonwealth*, 382 S.W.3d 22, 32 (Ky. 2011) ("Appellant's argument that the imposition of restitution in excess of the $100,000.00 violated KRS 533.030(3) is a true 'sentencing issue' and we review it despite the lack of preservation."). Any of Barnett's remaining arguments on the issue of restitution are either insufficiently preserved or otherwise unpersuasive.

For the following reasons, we hereby AFFIRM Barnett's conviction. We VACATE the restitution order and REMAND for the entry of a new order in accordance with this decision.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael C. Lemke
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky

-9-