RENDERED: MAY 1, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0526-MR

GRACE MAREDITH WILKEY                                    APPELLANT

                      APPEAL FROM FAYETTE CIRCUIT COURT
v.                   HONORABLE KIMBERLY N. BUNNELL, JUDGE
                          ACTION NO. 14-CR-00133-004

COMMONWEALTH OF KENTUCKY                           APPELLEE

OPINION AND ORDER
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, A. JONES, AND L. JONES, JUDGES.

ECKERLE, JUDGE: Appellant, Grace Maredith Wilkey ("Wilkey"), appeals the Fayette Circuit Court's Order denying her motion to set aside and dismiss with prejudice her 2014 conviction for possession of a controlled substance ("POCS"), prescription not in the original container, 1st offense. This is an appeal from a judgment denying dismissal and expungement, which also references previously expunged criminal convictions. By Order dated August 12, 2025, in a one-Judge Order, Chief Judge Larry Thompson granted Wilkey's motion to remove her name

from the case caption, use her initials, and seal the record on appeal. The Order did not reference the relevant Rule of Appellate Procedure ("RAP"). *See* RAP 5(B)(2) (2025) ("Initials or a descriptive term must be used instead of a name in cases involving juveniles, allegations of abuse and neglect, termination of parental rights, mental health, and *expungements*." (emphasis added)). Since the date of the Order, the Kentucky Supreme Court has amended RAP 5(B)(2) to permit the use of initials only in "appeals arising from judgments *granting expungements*." *See* Administrative Order 2026-01 (April 1, 2026) (emphasis added). Accordingly, as expungement was not granted below on the charge *sub judice*, and it is still a matter of public record, along with Appellant's name, it appears the prior Order was improvidently granted. As the rules require, we will use Wilkey's full name and unseal the appellate record in this case, as it addresses a non-confidential, non-expunged, and non-expungeable criminal charge, which the public is entitled to see. Our Order does not address or affect the sealing of the record below regarding the expunged charges, which we do not discuss.

Turning to the merits, Wilkey contends that the Trial Court abused its discretion in finding that it lacked the authority to grant her motion under Kentucky Rule of Civil Procedure ("CR") 60.02(e) or (f). The Commonwealth avers that the Trial Court properly denied Wilkey's CR 60.02 motion, which it claims was intended to circumvent Kentucky Revised Statute ("KRS")

-2-

431.078(4)(d) banning the expungement of an enhanceable offense. Because the Trial Court lacked the statutory authority to expunge Wilkey's conviction and, therefore, also lacked the authority to use CR 60.02(e) or (f) to circumvent KRS 431.078(4)(d), we affirm.

## I. Factual and Procedural History

On October 11, 2023, pursuant to KRS 431.073, Wilkey applied to vacate and expunge a series of felony and misdemeanor convictions relating to a single incident occurring in November 2013.[1] Record ("R.") at 118-20. In its response, the Commonwealth did not oppose the application for expungement for most charges, except for the single count of POCS, prescription not in original container, 1st offense. R. at 144-45. The Commonwealth argued that, under KRS 218A.210, POCS, prescription not in original container, is a Class B misdemeanor for the first offense and is enhanceable to a Class A misdemeanor for subsequent offenses, making it ineligible for expungement pursuant to KRS 431.078(4)(d). *Id.* On April 1, 2024, the Trial Court granted Wilkey's application to vacate and expunge the offenses arising out of the incident in November 2013, except for the misdemeanor offense of POCS, prescription not in original container. R. at 148-49. The Trial Court made the following finding:

---

[1] We abbreviate the facts considerably here, as well as the expunged charges, in order to give confidential effect where authorized.

> KRS 218A.210 Controlled Substance, Prescription Not in Original Container is not eligible for expungement pursuant to KRS 431.078(4)(d). Said charge was included in Defendant's application for expungement but was omitted from [the court's list of expunged offenses in] Section A above due to the objection of the Commonwealth Attorney. The Commonwealth Attorney has no objection to this Order.

*Id.* at 149.

On February 25, 2025, Wilkey filed a motion for relief pursuant to Rule of Criminal Procedure ("RCr") 13.04 and CR 60.02(e) and (f). R. at 152-55. Wilkey conceded that, per KRS 218A.210, the conviction for prescription handling was subject to enhancement for any subsequent offenses and, thus, excluded from statutory expungement. R. at 152. However, she argued that "a strict reading of the statute," as applied to the circumstances of her conviction, "would be unfair and would undermine the purpose of expungements generally." R. at 152-53. More specifically, she claimed that a criminal background check would reveal the remaining POCS conviction, stating:

> To make matters worse, when searched, the subject conviction shows up as part of the associated felony charge which was otherwise expunged. In effect, this makes the subject conviction appear as if it is a felony conviction or associated with a felony when it is actually only a Class B misdemeanor.

R. at 153-54. Wilkey alleged that these results would impede her gaining employment and applying for housing and make her "prior expungement fail of its

essential purpose." *Id.* Therefore, she moved to set aside her conviction because "it is 'no longer equitable that the judgment should have prospective application[,]'" and the "extraordinary nature" of the circumstances justified relief. R. at 154 (quoting CR 60.02(e) and (f)). The Commonwealth filed a response opposing the motion, to which Wilkey replied, and the Trial Court conducted a hearing on March 21, 2025. R. at 158-64.

During the hearing, the Trial Court expressed that, while Wilkey believed the result seemed unfair to her, the legislature's requirements for expungement prevented the Court from granting the relief that she wanted. Video Record ("V.R."), 3/21/25, at 1:06:33-1:08:00. The Court explained that it did not have the authority to grant the motion for dismissal with prejudice and, thus, expunge the enhanceable offense. V.R. at 1:08:30-40. However, the Court stated that it would be "a perfect case for [Wilkey] to appeal." V.R. at 1:07:17-21. On March 25, 2025, the Trial Court issued its written Order denying the motion, and this appeal followed. R. at 165.

## II.    Standard of Review

The standard of review from an order granting or denying relief under CR 60.02 is whether the Trial Court abused its discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair,

or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Furthermore, we review a trial court's application of a statute *de novo*. *Vaughn v. Commonwealth*, 371 S.W.3d 784, 785 (Ky. App. 2012).

### III. Analysis

In *Diaz v. Commonwealth*, we summarized the purpose of CR 60.02:

> [E]nacted as a substitute for the common law writ of *coram nobis*[,] [t]he purpose of such a writ was to bring before the court that pronounced judgment errors in matters of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause.

479 S.W.3d 90, 93 (Ky. App. 2015); *see also Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). CR 60.02 preserves but does not extend the "extraordinary and residual remedy" afforded by *coram nobis* "to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the party seeking relief." *Baze v. Commonwealth*, 276 S.W.3d 761, 766 (Ky. 2008) (citing *Harris v. Commonwealth*, 296 S.W.2d 700, 701 (Ky. 1956)). The procedural rule lays out a series of specific grounds for relief, including that equity requires that the judgment should no longer apply

prospectively or that the judgment should be overturned for "reason of an extraordinary nature justifying relief." CR 60.02(e) and (f); *see also Commonwealth v. Bustamonte*, 140 S.W.3d 581, 583 (Ky. App. 2004). Finally, a CR 60.02(f) motion must be made "within a reasonable time." CR 60.02; *Gross*, 648 S.W.2d at 858.

On appeal, Wilkey asks us to confine our review to the question of whether the Trial Court erred in its application of CR 60.02(e) and (f) to her motion "as pled[.]" Appellant's Brief at 7. She claims that the Trial Court "misconstrued the motion as if it were a petition for expungement." *Id.* We are unpersuaded. First, Wilkey did not present an error in fact regarding her prior conviction for the POCS prescription handling offense. Second, in challenging the Trial Court's prior expungement order, issued ten months prior to her CR 60.02 motion, Wilkey failed to plead facts or grounds not appearing on the face of the prior order and failed to bring her motion within a reasonable time.

Moreover, we are not blind to Wilkey's clear pleadings and her argument to the Trial Court that indeed her ultimate aim is a second attempt to expunge from her record her misdemeanor conviction for POCS, prescription not in original container, 1st offense, so that it may no longer apply prospectively. *Id.* While recognizing that her electronic record may reveal a "clerical error" that classifies the remaining misdemeanor charge as part of a felony case, which has

been expunged, she has not pursued administrative avenues to correct it. V.R. at 1:07:45-1:08:20. Rather, her request to apply CR 60.02(e) or (f) to set aside and dismiss with prejudice her charge directly contravenes the legislative intent that certain offenses are subject to enhancement for future and subsequent violations.

Expungement of a conviction is not a right but a statutory privilege. *Fisher v. Commonwealth*, 599 S.W.3d 890, 893 (Ky. App. 2020). The General Assembly granted Trial Courts discretionary authority to vacate and expunge certain criminal convictions under KRS 431.073 *et. seq.*, subject to the conditions specified by statute. *Id.* KRS 431.078(4)(d) unequivocally provides that an offense, such as the violation of KRS 218A.210, which is subject to enhancement for a second or subsequent offense is not eligible to be expunged. In this instance, the Trial Court did not err in finding that it had no discretionary authority to contravene, directly or indirectly, the plain language of KRS 431.078(4)(d). Interpreting Kentucky's expungement laws, the Kentucky Supreme Court has explained that a charge that has been dismissed with prejudice may not be used to render a subsequent charge a second and enhanceable offense. *Commonwealth v. Jones*, 406 S.W.3d 857, 860 (Ky. 2013). Thus, to dismiss with prejudice Wilkey's conviction for an enhanceable offense is tantamount to a voidance of the offense and expungement from her record, thereby thwarting the clear statutory language of KRS 218A.210 and 431.078(4)(d).

-8-

While we are not unsympathetic to Wilkey's plight and are aware that she has not reoffended for over ten years and appears to have made a real effort to rehabilitate her behavior, her original crime has consequences, collateral and otherwise. Our Supreme Court reflected that it is "unfortunate" that such a person "cannot obtain an expungement of her record[.]" *Jones*, 406 S.W.3d at 860-61. However, Courts are "bound by the words of the legislature" and "cannot circumvent the plain language of [an expungement statute] and grant . . . legislative leniency where none is provided." *Id.* The legislature is the branch of government entrusted with enacting laws; the judicial branch is not.

Finally, we respectfully do not accept the Trial Court's assessment that Wilkey's proper avenue for relief is this appeal. It is exclusively the power of the legislature to amend the law, and the constitutional separation of powers prevents us, as well as the Trial Court, from changing a statute to suit Wilkey's circumstances. "Where the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction[,] and the statute must be accepted as it is written." *Commonwealth v. Holloway*, 225 S.W.3d 404, 406 (Ky. App. 2007) (quoting *Griffin v. City of Bowling Green*, 458 S.W.2d 456, 457 (Ky. 1970)). Even if we disagreed with the legislature, which we do not, we are without the power to change the clear statutory language providing that a

conviction for POCS, prescription not in original container, is enhanceable without time limit for a subsequent offense.

We find that Wilkey's CR 60.02 motion was not consistent with the purpose of the rule and was not timely. Even considering the motion as pled, the Trial Court lacked the statutory authority to expunge Wilkey's conviction for an enhanceable offense and, thus, also lacked the authority to apply CR 60.02(e) or (f) to circumvent the plain language and legislative intent of KRS 431.078(4)(d). Therefore, finding no abuse of discretion or error in the application of the relevant statutes, we affirm the Fayette Circuit Court's Order denying relief, and we ORDER the record on appeal UNSEALED.

ALL CONCUR.

ENTERED: _May 1, 2026_____

_____
HON. AUDRA J. ECKERLE
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Breck Norment
Estee Rose
Bryanna Barker
Lexington, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky