RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0784-MR

DAVID R. NUNN, JR.                                                APPELLANT

v.                  APPEAL FROM HARDIN CIRCUIT COURT
                    HONORABLE JOHN D. SIMCOE, JUDGE
                    ACTION NO. 13-CR-00191

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, ECKERLE, AND McNEILL, JUDGES

ECKERLE, JUDGE: Appellant, David R. Nunn, Jr. ("Nunn"), seeks review *pro se*, of the Hardin Circuit Court's Order denying his motion for modification of his sentence pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02(f). After careful review of the record and applicable law, we affirm the Circuit Court's Order that Nunn's 39-year sentence does not violate the statutory cap found in Kentucky Revised Statute ("KRS") 532.110(1)(c).

**Facts and Procedural Background**

As the Hardin Circuit Court noted in its Order:

> Nunn was indicted in this case on charges of being a Convicted Felon in Possession of a Handgun, Fleeing and Evading 2nd Degree and being a Persistent Felony Offender 1st Degree. After a jury trial Nunn was sentenced, pursuant to the jury's verdict, to an enhanced 20-year sentence.

Order at 1. Records from the Kentucky Department of Corrections confirm that Nunn also had multiple prior convictions across Barren, Hardin, and Morgan counties for Class C and D felonies, which the Commonwealth identified as part of Trial Record Volume VI ("TR Vol. VI").[1] TR Vol. VI at 667. With the addition of his 20-year sentence in Hardin County, which was run consecutively with any prior sentences, the aggregate sentence from Nunn's multiple convictions was 39 years. *Id.*

Following his 2013 conviction in Hardin County on the above charges, Nunn sought review of his judgment on direct appeal in 2015 and in a post-conviction challenge pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 in 2020 without success. After our Supreme Court issued its

---

[1] Although Nunn's Brief fails to provide an Appendix List or Index as required by Kentucky Rule of Appellate Procedure ("RAP") 32(E)(1)(d), the documents attached substantially comply with the remainder of RAP 32(E)(1) by providing the Order on appeal first and submitting only documents from the record below or relevant to his indigent filing requirements. Given Nunn's *pro se* status and attempts to comply with the RAP overall, we decline to impose sanctions and proceed with review on the merits.

holding in *Kimmel v. Commonwealth*, Nunn then filed a motion for modification of his sentence pursuant to CR 60.02(f). 671 S.W.3d 230 (Ky. 2023) (holding that the sentencing cap applied to sentences across multiple cases). In his motion, Nunn alleged that his 39-year aggregate sentence violates KRS 532.110(1)(c), because the cap for his Class C and D felony convictions would be 20 years based on the language of KRS 532.080 at the time of his sentencing. In its Order, the Circuit Court concluded that *Kimmel* did not apply to cases involving sentences from multiple prior convictions that occurred over a period of several years, in different counties, and that were sentenced separately in each of the cases. Order at 1. Accordingly, the Circuit Court denied Nunn's motion to correct his sentence.[2] This appeal followed.

## Standard of Review

"[B]ecause the trial court and appellate court have inherent authority to correct an unlawful sentence at any time," Kentucky courts have recognized that CR 60.02 is an appropriate avenue to raise the issue of an alleged illegal sentence. *Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023). "The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The

---

[2] While the Circuit Court also denied Nunn's motion for appointment of counsel, Nunn did not raise this issue on appeal. Accordingly, we will not consider this portion of the Circuit Court's Order.

test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). As our Supreme Court has noted, "[a] sentence that lies outside the statutory limits is an illegal sentence, and the imposition of an illegal sentence is inherently an abuse of discretion." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010). However, we will review *de novo* the Trial Court's application of a statute as a matter of law. *Vaughn v. Commonwealth*, 371 S.W.3d 784, 785 (Ky. App. 2012).

## Analysis

After reviewing Nunn's arguments and cited precedent, we find no merit in his contention that the Circuit Court erred in denying his motion to amend his sentence. Although Nunn asks us to read the plain language of KRS 532.110(1)(c) as barring his 39-year sentence, he also acknowledges that our Supreme Court has considered the interplay between this statute and KRS 533.060 in multiple reported cases. Appellant Brief at 1. Nunn urges that we consider the holding in *Blackburn v. Commonwealth*, in which our Supreme Court found KRS 533.060(2) does not modify the maximum aggregate sentence established in KRS 532.110(1)(c). 394 S.W.3d 395, 401 (Ky. 2011).[3] He also argues that, in

---

[3] Nunn also cites an unpublished opinion of our Supreme Court applying the holding from *Blackburn*. Appellant Brief at 2. Although he notes that the opinion is unpublished, Nunn failed to address it pursuant to RAP 41(A)(4).

combination with our Supreme Court's holding in *Kimmel*, this precedent bars the running of his 20-year sentence as a persistent felony offender consecutively with his previous sentences for an aggregate sentence in excess of the 20-year sentencing cap for Class C and D felonies. Appellant Brief at 2-3. Despite Nunn's interpretation of KRS 532.110(1)(c) and existing case law, however, our Supreme Court has clearly rejected the premise that the sentencing cap applies to aggregate sentences arising from multiple proceedings.

As the Circuit Court noted in reviewing Nunn's CR 60.02(f) motion, *Kimmel* involved multiple sentences arising from the same trial and final judgment. Order at 1-2. Accordingly, this case is distinguishable from Nunn's multiple convictions across a period of years and multiple different counties of the Commonwealth. While the Circuit Court relied primarily on the holding in *Johnson v. Commonwealth*, 553 S.W.3d 213 (Ky. 2018), to support its finding that the statutory cap did not apply in cases like Nunn's, our Supreme Court has provided a more recent affirmation of that holding in *Wynn v. Commonwealth*:

> Unlike the appellant in *Kimmel*, Wynn could *not* have elected to have his multiple felony charges tried together because he had already pled guilty to possession of a firearm by a convicted felon prior to being charged with first-degree bail jumping. That distinction is crucial because the "sentencing cap" statute, KRS 532.110(1)(c), "does not extend to sentences resulting from previous cases," *i.e.*, those sentences resulting from a "previous indictment and trial." *Johnson v. Commonwealth*, 553 S.W.3d 213, 220 (Ky. 2018); *Bryant v. Commonwealth*,

No. 2023-SC-0218-MR, 2024 WL 3930042 (Ky. Aug. 22, 2024).

713 S.W.3d 122, 133 (Ky. 2025). The Court then further clarified this principle, noting that the operative question is whether the counts were sentenced together or separately. *Commonwealth v. Strunk*, 718 S.W.3d 758, 764 (Ky. 2025) (citing *Goldsmith v. Commonwealth*, 363 S.W.3d 330, 334 (Ky. 2012)). After reviewing this recent precedent, we are not persuaded by Nunn's argument that KRS 532.110(1)(c) applies to his multiple convictions that were neither tried nor sentenced together.

## Conclusion

Given our Supreme Court's recent holdings refuting Nunn's interpretations of *Kimmel* and KRS 532.110(1)(c), we find neither error nor abuse of discretion in the Circuit Court's conclusion that Nunn's sentence is not unlawful. Accordingly, we affirm the Hardin Circuit Court's denial of his motion pursuant to CR 60.02(f), as Nunn's sentence was lawful.

ALL CONCUR.

BRIEF FOR APPELLANT:

David R. Nunn, Jr., *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky